311 So.2d 730 (1975)
FLORIDA FORMS, INC., a Florida Corporation, Appellant,
v.
BARKETT COMPUTER SERVICES, INC., a Florida Corporation, Appellee.
No. 74-1772.
District Court of Appeal of Florida, Fourth District.
April 25, 1975.
*731 Joseph I. Goldstein of Mateer & Harbert, Orlando, for appellant.
No appearance for appellee.
DOWNEY, Judge.
Appellant, a Florida corporation with its principal place of business in Orange County, Florida, filed in the Orange County Circuit Court a three count suit against appellee, a Florida corporation whose principal place of business is in Dade County. Count I sought the recovery of $7,634.39 for services rendered to appellee "in the preparation of forms, according to the accounts" attached to the complaint. Counts II and III involved the same transactions but were based upon an account stated and quantum meruit, respectively. Appellee filed a motion to dismiss or for a change of venue. The trial court thereafter ordered the cause transferred to Dade County. That order is the subject of this appeal.
The election of venue is with the plaintiff. Greyhound Corporation v. Rosart, Fla.App. 1960, 124 So. 708. It is of the very nature of venue that the plaintiff selects it initially but that he need not plead or prove that his selection has been proper. The burden of pleading and proving that venue is improper is upon the defendant. And so it appears that if a defendant wishes to have the action transferred from the place where the plaintiff has filed the action, the defendant must show either (a) that venue will not lie in that place (see B & F of Clearwater, Inc., v. Wesley Construction Co., Fla.App. 1970, 237 So.2d 790) or (b) that venue should be changed for some good reason under one or more of the sections of chapter 47, F.S. 1973.
The immediate question we must decide is whether venue properly lies in Orange County. Section 47.051, F.S. 1973, provides, among other things, that "[a]ctions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located." Appellee alleged in its motion that its principal place of business is Dade County, that all the sales involved were made by appellant's representative in Dade County, and that delivery to appellee was made in Dade County. However, this suit is for recovery of money owed, and appellee failed to show that the agreed place of payment was in Dade County. In the absence of an agreement as to the place of payment it is implied that payment is to be made where the payee resides or has an established place of business. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); M.A. Kite Company v. A.C. Samford, Inc., Fla.App. 1961, 130 So.2d 99; Mendez v. George Hunt, Inc., Fla.App. *732 1966, 191 So.2d 480; Gorham Construction Company v. Superior Fertilizer & Chemical Company, Fla.App. 1969, 218 So.2d 516; B & F of Clearwater, Inc., v. Wesley Construction Co., supra. In the present case there was no agreement as to the place of payment; therefore by operation of the foregoing rule, the place for payment was appellant's principal place of business, Orange County. Thus, on this record the venue of the cause is properly in Orange County. Since this is so and since appellee has not demonstrated any reason for transferring the cause to Dade County, we reverse the order appealed from and remand the cause with directions to reinstate it in the Circuit Court of Orange County.
CROSS and MAGER, JJ., concur.