SCHEB, Judge.
This interlocutory appeal concerns venue; specifically, whether a Connecticut corporation which furnishes materials for a school project in Pasco County can bring action in that county under a public improvement bond against a contractor incorporated in Florida and its surety, neither of which maintains offices within Pasco County. The trial court held such venue to be improper and transferred the cause of action to Sarasota County where the contractor maintains its offices for transaction of its customary business. We agree and affirm.
At the request of a subcontractor located in Hillsborough County, appellant Wire-mold, a Connecticut corporation, supplied materials for construction of a school building in Pasco County. The subcontractor defaulted in making payments to Wiremold. As use plaintiff, Wiremold sued the contractor and its surety on the bond furnished under Section 255.05, Florida Statutes.
The thrust of Wiremold’s contention is that as a non-Florida supplier, it should be allowed to bring suit on the bond in the county where it has furnished its materials. In this context, Wiremold’s contention is logical; however, this is a matter for legislative determination. Section 255.05, Florida Statutes, is not a venue statute. Rather, venue in respect to actions against corporations is governed by Section 47.051, Florida Statutes, which in relevant part provides:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
Faced with this statute, Wiremold recognizes that to sue the contractor in Pasco County, it must establish that the cause of action accrued there, since neither the contractor nor the surety has an office in that county.
Here, there was no privity between the general contractor and the appellant supplier. Rather, the appellant’s contractual rights are based solely on the bond required under the statute. Payment was demanded by Wiremold from its offices in Connecticut. This is the place where payment was required and where the cause of action accrued. See James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla.2d DCA 1970); Lakeport Water Association v. David B. Smith Engineers, Inc., 257 So.2d 588 (Fla. 1st DCA 1972). Wiremold is not prejudiced because even if it sued the subcontractor, ordinarily venue would have been in Hillsborough, rather than Pasco County.
Accordingly, the order of the trial court is affirmed.
HOBSON, A. C. J., and BOARDMAN, J., concur.