385 So.2d 161 (1980)
SHEFFIELD STEEL PRODUCTS, INC., Appellant,
v.
POWELL BROTHERS, INC., Appellee.
No. 00-111/T1-102.
District Court of Appeal of Florida, Fifth District.
June 27, 1980.
*162 Edward E. Hedstorm of Hedstorm, Dunning & Smith, Palatka, for appellant.
Patrick W. Gent of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee.
SHARP, Judge.
The plaintiff, Sheffield Steel Products, Inc., appeals the trial court's order changing venue from Putnam County to Broward County. We have jurisdiction.[1] Because the defendant failed to establish a sufficient basis for the venue change, we reverse the lower court's order.
Sheffield sued the defendant, Powell Brothers, Inc., in Putnam County for failure to pay it for the fabricated steel and other materials it supplied to construct a bridge in Broward County, pursuant to a written contract. Sheffield's steel fabricating plant is in Palatka, Florida, and some of the bridge elements were delivered F.O.B. Powell's barge in Palatka, and some were F.O.B. the bridge site in Broward County. The contract did not expressly provide for the place Powell was to make its payments to Sheffield.
Powell filed an answer, counterclaim, and motion to transfer venue to Broward County. It alleged that payments under the contract were to be made in Broward; that all of the material witnesses are located in Broward; that Powell's corporate offices are in Broward; and that Putnam would be an inconvenient forum for the defendant. Based on the unverified pleadings alone, the trial judge transferred venue because he "found" the contract was executed either in Dade County or Broward County, the bridge is in Broward County, and Broward is Powell's corporate residence.
Section 47.051, Florida Statutes (1979), provides:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located... .
Upon a proper showing, the trial court should grant a change of venue if a lawsuit is filed in the wrong county,[2] or if it would be more convenient for the parties and witnesses to try the case in a different county.[3] Where Powell made payments under the contract to Sheffield or where it should have made them was the critical fact determinative of the venue question. Venue is proper for suits on contract or other obligations in the county where payment should have been made.[4] However the contract and the unverified pleadings in this case do not address this issue. Only the defendant's unverified motion claimed that payments were to be made in Broward, but no hearing was held to establish that fact. Nor was there any basis to support a change of venue on the grounds of forum non conveniens.[5]
The party seeking the change of venue must establish a sufficient record or basis for the relief requested. Magee v. Liberty Mut. Ins. Co., 366 So.2d 827 (Fla. 4th DCA 1979); Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977); Florida Forms, Inc. v. Barkett Computer Serv., Inc., 311 So.2d 730 (Fla. 4th DCA 1975). Sheffield was not required to plead or to prove that its selection of Putnam County was proper, in the absence of a sufficient challenge by the defendant. Stolley & Associates, Inc. v. Lawrence, 243 So.2d 446 (Fla. 4th DCA 1971). To paraphrase from the Stolley case:

*163 We do not know where the cause of action accrued. We do know that defendant has failed to prove and sufficiently assert, with specific averments, that the plaintiff's venue choice was improper. Having so failed, the defendant must bear the consequences of having the suit maintained in [Putnam] County.
243 So.2d at 447.
The order appealed is REVERSED.
REVERSED.
CROSS, J., and BROWNLEE, Associate Judge., concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(A).
[2] § 47.091, Fla. Stat. (1979).
[3] § 47.122, Fla. Stat. (1979).
[4] American Fidelity Fire Ins. Co. v. Allied General Contractors, Inc., 365 So.2d 442 (Fla.3d DCA 1978); Florida Forms, Inc. v. Barkett Computer Serv., Inc., 311 So.2d 730 (Fla. 4th DCA 1975); Jones v. Hickman, 263 So.2d 275 (Fla. 2d DCA 1972); B & F of Clearwater, Inc. v. Wesley Construction Co., 237 So.2d 790 (Fla. 2d DCA 1970).
[5] Bassett v. Talquin Elec. Coop., Inc., 362 So.2d 357 (Fla. 1st DCA 1978).