387 So.2d 1006 (1980)
COORDINATED CONSTRUCTORS, etc., et al., Appellants,
v.
FLORIDA FILL, INC., Appellee.
No. 79-2357.
District Court of Appeal of Florida, Third District.
September 9, 1980.
Ruden, Barnett, McClosky, Schuster & Russell and Glenn N. Smith and Robert A. Plafsky, Fort Lauderdale, Bradford, Willimas, McKay, Kimbrell, Hamann, Jennings & Kniskern and Patricia H. Thompson, Miami, for appellants.
Kavanaugh & Leiby and Larry R. Leiby and David R. Elder, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Appellants, the general contractor and its surety, seek reversal of a money judgment entered in favor of appellee as lienor in a *1007 direct action against a payment bond furnished by appellants, pursuant to Section 713.23, Florida Statutes (1977).
Appellants complain of the trial court's order which denied their motion for a change of venue to Broward County. On the merits, the appellants complain of the trial court's failure to accord them the defense of "proper payments." We find that the trial court correctly resolved these issues and affirm the judgment.
Appellant, Coordinated Constructors Corporation (Coordinated), is a Florida corporation with its principal place of business in Broward County. It was the general contractor for the Town and County Shopping Center in Davie. Appellant, American Manufacturers Mutual Insurance Company (American), is a foreign corporation authorized to conduct business and write surety bonds in Florida. Coordinated entered into a series of subcontracts with Heathwood, Inc.[1] During the progress of construction, Heathwood, Inc. ordered certain rental equipment from appellee, Florida Fill, Inc. (Florida Fill), with which to perform its various subcontracts. Florida Fill is a Florida corporation with its principal place of business in Dade County. Heathwood, Inc. ultimately abandoned work on the project. This forced Coordinated to remedy defects existing in work already performed by Heathwood, Inc., as well as to complete the unperformed portions of Heathwood, Inc.'s contracts. The cost to Coordinated in curing and completing Heathwood, Inc.'s default exceeded the original contact price agreed to by Coordinated and Heathwood, Inc.

VENUE
Florida Fill, as lienor, commenced this action against Coordinated and American in Dade Circuit Court. Coordinated and American filed a motion to dismiss for improper venue, seeking to transfer the cause to Broward County on the allegation that Coordinated's business situs was in Broward County and that the cause of action accrued there.
The proper application of the controlling venue statute, Section 47.051, Florida Statutes (1979),[2] has been the source of considerable litigation, especially in contract actions. A cause of action for breach of contract accrues in the locale where the defendant fails to perform its contract. M.A. Kite Co., v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961). In this case, the performance required under the contract was the payment of money. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934). Since no place for payment was specified in the bond, payment was due where the creditor resides because, in such an instance, the debtor must seek the creditor. Croker v. Powell, supra; M.A. Kite Co. v. A.C. Samford, Inc., supra. As stated, the performance called for in the instant case is the payment of money. Coordinated, being the debtor, was required to seek out Florida Fill, the creditor.
A general contractor's bond, furnished pursuant to Section 713.23, Florida Statutes (1977), is a payment bond and not a performance bond, the latter of which is intended to ensure the physical completion of the work upon default. Guin & Hunt, Inc. v. Hughes Supply, Inc., 335 So.2d 842 (Fla. 4th DCA 1976). Judge Downey clarified this distinction in American International Food Corporation v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978) where he stated:

*1008 The general rule providing for venue in the county of the residence of the creditor where the claim is for a specific sum of money and no place of payment is stipulated is usually linked to situations where the default involves an omission to pay a certain sum of money which is due or already earned. [citation omitted] However, if the claim is for failure to perform under the contract and the performance was to take place elsewhere, that rule does not apply. [emphasis original]
358 So.2d at 252.
Appellants' reliance upon James A. Knowles, Inc. v. Imperial Lumber Company, 238 So.2d 487 (Fla. 2d DCA 1970), is misplaced. In that case, the performance called for by the contract was in the nature of the performance of services and there was no debtor-creditor relationship involved.
Both the appellants and the appellee call our attention to the case of District School Board of Pasco County v. Gulf Contracting, Inc., 337 So.2d 1036 (Fla. 2d DCA 1976). That case, brought under a payment bond, is more favorable to the appellee's position. There, the breach that occurred was nonpayment of money and no place of payment had been specified. Therefore, payment was due and owing to the creditor at the situs of its principal place of business. The creditor was a non-resident corporation and the defendant was not amenable to suit in its out-of-state principal place of business. The lienor was therefore relegated to bring the action against the general contractor in its principal place of business under Section 47.051, supra, on a holding that had the suit been brought against the defaulting subcontractor, rather than the contractor, the venue would have also been elsewhere.
Finally, appellants rely upon our decision in American Fidelity Fire Insurance Company v. Allied General Contractors, Inc., 365 So.2d 442 (Fla. 3d DCA 1978) which we find is not on point because there a performance bond and not a payment bond was involved.
Consequently, we find no error in the trial court's order denying appellants' motion for change in venue from Dade to Broward County.

PROPER PAYMENTS DEFENSE
Upon recording of the notice of commencement, pursuant to Section 713.13, Florida Statutes (1977), and compliance with the requirements of Section 713.06, Florida Statutes (1977), an owner may make payments to lienors under direct contracts for amounts due and may deduct such payments from the balance due to the contractor under a direct contract. Payments made in accordance with the above cited sections allow an owner to assert the defense of proper payments and limits the owner's liability as set forth in Section 713.06, Florida Statutes (1977).
Appellants correctly argue that an owner's liability to all lienors may not exceed the contract price fixed between the owner and the general contractor. Alton Towers, Inc. v. Coplan Pipe & Supply Co., 262 So.2d 671 (Fla. 1972); Bryan v. Owsley Lumber Company, 201 So.2d 246 (Fla. 1st DCA 1967). Appellants also correctly argue that the effect of the payment bond furnished by the general contractor and the surety, pursuant to Section 713.23, Florida Statutes (1977), "is to exempt the owner's property from lien foreclosure and substitute the security of the bond in lieu thereof." Guin & Hunt, Inc. v. Hughes Supply, Inc., supra, at 844. Accord, Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976).
Further, the appellants make the plausible argument that because they are in privity with the owner, they are entitled to the same defenses that the owner could raise. We recognize that this is a cogent and rational argument but find that it must fail in view of the proper construction of Part I, Chapter 713, Florida Statutes (1977). The terms "owner" and "contractor" are separately and distinctly defined by Section 713.01(2) and 713.01(12). Section 713.06(3), Florida Statutes (1977) only authorizes an "owner" to assert the proper payments defense. We find nothing in Section 713.23(1), *1009 Florida Statutes (1977) [which affords a lienor a direct action against the bond] which grants the defense of proper payments to the general contractor and its surety.
Appellee suggests various appealing reasons for the legislative distinction. We find it unnecessary to embrace these because we hold that the plain and unambiguous manner in which the mechanic's lien law has been structured only authorizes the defense of proper payments to be afforded to the owner.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
NOTES
[1] Heathwood, Inc. is a Florida corporation with its principal place of business in Dade County. Although it was joined as a defendant, service of process was never perfected against it and consequently it was dropped as a party in the trial court.
[2] Actions against corporations.-Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.