389 So.2d 1085 (1980)
ITEL-PAS, INC., a Foreign Corporation, Appellant,
v.
Harry F. JONES, M.D., Appellee.
No. 80-1418.
District Court of Appeal of Florida, Third District.
November 4, 1980.
*1086 Haber, Kaplan & Rapoport, Miami, for appellant.
Randolph W. Adams and Paul S. Adams, Ft. Lauderdale, for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
BASKIN, Judge.
In this action for damages for breach of a written agreement and non-payment of money, venue lies in Dade County. We therefore reverse the order in which the trial court transferred the cause to Broward County.
Section 47.011, Florida Statutes (1979) states:
Where actions may be begun.-Actions shall be brought only in the county where the defendant resides, where the cause of action occurred, or where the property in litigation is located.
Plaintiff-appellant Itel-Pas, Inc. has its principal place of business in Dade County. Defendant-appellee Harry F. Jones, M.D. resides in Broward County. The written agreement is silent as to the place of payment. The law then implies that payment is to be made where the payee resides or has an established place of business and where payment under the contract may be made. Williams v. Aeroland Oil Co., 20 So.2d 346 (Fla. 1944); Croker v. Powell, 115 Fla. 733, 156 So. 146 (Fla. 1934); State of Florida, Department of Transportation v. San Marco Contracting Co., 355 So.2d 133 (Fla. 1st DCA 1978); Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977). In this case, the place of payment was not contained in the written agreement; the cause of action therefore accrued in Dade County, the site of the payee's residence and place of business.
Applying section 47.011, we find that defendant resides in Broward County but the cause of action occurred in Dade County. To determine whether the trial court abused its discretion in transferring the cause, we review cases concerning choice of venue.
Election of venue is the prerogative of the plaintiff. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978); Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla. 4th DCA 1975); O'Brien v. Mitchell, 190 So.2d 189 (Fla. 1st DCA 1966).
When venue is proper in more than one county, plaintiff may choose the county in which to file. Houchins v. Florida East Coast Railway Co., 388 So.2d 1287 (Fla. 3d DCA 1980). In order to prevail on a motion to transfer for improper venue, defendant must show that venue will not lie or that good reason to transfer exists under Section 47.122, Florida Statutes (1979). Perry Building Systems, Inc. v. Hayes & Bates, Inc., supra; Florida Forms, Inc. v. Barkett Computer Services, Inc., supra. We hold that the action was properly filed in Dade County, the site of the cause of action, and that defendant failed to carry the burden of proving a sufficient reason to transfer the cause to Broward County. Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA 1980).
Reversed and remanded.