448 So.2d 82 (1984)
Sam W. GROOME, Appellant,
v.
Donald ABRAMS, Peter Marsh, and Jon Oostemeyer, Appellees.
No. 83-2575.
District Court of Appeal of Florida, Fourth District.
April 11, 1984.
Durwood A. Hunter, Lake Worth, for appellant.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, P.A., West Palm Beach, for appellees.
DOWNEY, Judge.
Appellant seeks reversal of a non-final order changing venue from Palm Beach to Marion County.
Appellant sued appellees to recover money due him under an oral contract for personal services. The complaint alleges that the parties entered into the contract in Ocala, Florida (Marion County) and that appellant performed under the contract and received payments therefor in Palm Beach County, Florida, where appellant resides.
Appellees filed a motion attacking jurisdiction and an affidavit stating appellees are nonresidents of Florida. Appellees also filed a motion for change of venue "by reason of the allegations in Plaintiff's Complaint *83 and any other facts which are otherwise brought to the Court's attention." At the hearing on the motion to change venue, appellees failed to adduce any proof to sustain their burden of demonstrating entitlement to a change of venue. Moreover, the allegations of the complaint did not constitute adequate grounds for a venue change. As this court held in Merrill Lynch, Pierce, Fenner & Smith, Inc., v. National Bank of Melbourne and Trust Co., 238 So.2d 665, 667 (Fla. 4th DCA 1970):
The plaintiff is not required to plead facts in support of his selection of the venue for his suit. Inverness Coca-Cola Bottling Company v. McDaniel, Fla. 1955, 78 So.2d 100. If the defendant desires to contest the propriety of the venue selected by the plaintiff, he may do so by filing a motion to dismiss on the ground of improper venue. Rule 1.140(b)(3), F.R.C.P.; Inverness Coca-Bola Bottling Company v. McDaniel, supra. A motion by the defendant to dismiss on the ground of improper venue raises issues of fact which must be resolved by an evidentiary hearing, unless the complaint shows on its face that venue is improper. A party contesting the venue selected by the plaintiff has the burden of clearly proving that the venue selected by the plaintiff is improper. Permenter v. Bank of Green Cove Springs, Fla.App. 1962, 136 So.2d 377, 379; Tribune Co. v. Approved Personnel, Inc., Fla.App. 1959, 115 So.2d 170, 174.
The trial court has a broad discretion in dealing with matters of venue. However, the movant must furnish a sufficient factual basis for the exercise of that discretion. That was not done here and the order appealed from constitutes an abuse of discretion.
Accordingly, the order under review is reversed.
REVERSED.
BERANEK and HURLEY, JJ., concur.