464 So.2d 719 (1985)
PINCH-A-PENNY, INC., Appellant,
v.
Noel L. MUDD, Jr. and Virginia R. Mudd, D/B/a Pinch-a-Penny, Appellees.
No. 84-2252.
District Court of Appeal of Florida, Second District.
March 13, 1985.
*720 Ted R. Manry, III, and John W. Campbell of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
William H. Morrison, Altamonte Springs, for appellees.
GRIMES, Acting Chief Judge.
This is an appeal from a nonfinal order transferring venue from Pinellas County to Seminole County. Fla.R.App.P. 9.130(a)(3)(A).
Appellees, Mr. and Mrs. Mudd, are residents of Seminole County. In 1978 they began operating a business in Seminole County under a franchise agreement with appellant, Pinch-A-Penny, Inc., a corporation headquartered in Pinellas County. In 1984 the Mudds ceased operating under the franchise agreement and began conducting business as Bud Mudd's Pool and Patio. Pinch-A-Penny sued the Mudds in Pinellas County for monies owing on account and for an injunction for violation of an agreement not to compete. The Mudds filed a motion for change of venue to Seminole County. After considering affidavits and testimony, the court directed that venue of the action be transferred to Seminole County.
Pinch-A-Penny argues that its action was properly brought in Pinellas County upon the rationale that where there is no agreement for the place of payment, a debtor must seek his creditor and venue properly lies in the county of the creditor's residence. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); B & F of Clearwater, Inc. v. Wesley Construction Co., 237 So.2d 790 (Fla. 2d DCA 1970). Admittedly, Pinch-A-Penny's franchise agreement does not specify where the Mudds' payments were to be made. However, Mr. Mudd testified that during his six years of operation under the franchise agreement he made each of his weekly payments to the Pinch-A-Penny truck driver upon delivery of merchandise to his store in Seminole County. We think that such a course of conduct between the parties was sufficient to overcome any presumption that the payments were to be made in Pinellas County. Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977), does not dictate a contrary result because there the court simply observed that the making of one payment at another location would not overcome the implied agreement that future payments would be made at the creditor's residence.
The court did not abuse its discretion in ordering a change of venue.
Affirmed.
CAMPBELL and LEHAN, JJ., concur.