SHIVERS, Judge.
Appellant Druhill Construction, Inc. (Druhill), appeals from a non-final order denying its motion to transfer venue. At issue is whether the trial court abused its discretion in entering an order denying Druhill’s motion to transfer venue to Pinel-las County. We reverse.
This interlocutory appeal arose out of a breach of contract action between Druhill, and appellee, RSH Constructors (RSH). The main issue in the lawsuit below was whether the work required under the construction agreement was completed, and whether RSH owes any further payments to Druhill.
There are really two contracts which are important in this appeal. The first was between Druhill and Reflectone, and its significance is that Druhill maintains that a provision setting venue in Pinellas County which appeared in this contract, was incorporated by reference into a later contract between Druhill and RHS. Some of the terms and conditions in the Druhill/Reflec-tone agreement were: (1) Reflectone was to pay Druhill $372,612 for the work encompassed by the contract; (2) the work was to commence on October 14, 1985, and be completed by January 24,1986; (3) various inspections at the construction site of the simulator were to occur. The venue provision in the Druhill/Reflectone contract appears in Article 12 and reads: “[t]he Contract shall be governed by the law of the state of Florida and venue shall be established in Pinellas County, Florida.”
The second contract is between Druhill and RSH, and under it RSH agreed to construct improvements on property the United States Government owned which was located at a Marine Corps Air Station at Cherry Point, North Carolina. RSH sued Druhill in Duval County after difficulties concerning payments and performance under the contract arose. Druhill filed a motion to dismiss or transfer for improper venue alleging that because of the incorporation by reference of the venue provision in the contract between Druhill and RSH, venue was properly in Pinellas County. On July 15, 1987, the trial judge entered an order denying the motion to transfer venue. Druhill appeals from this non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(A).
Druhill argues it is entitled to have this cause transferred to Pinellas County because the agreement between it and Reflec-tone has an express provision establishing venue in Pinellas County. The incorporation by reference of the venue provision makes it binding, according to Druhill, upon RSH and enforceable by Druhill. RSH responds that venue was proper in Duval County because the venue provision upon which Druhill relies is contained in a contract between itself and Reflectone, and by the terms of this contract, was intended to apply only to disputes between Reflec-tone and Druhill and, therefore, was not binding on a non-party to the agreement such as RSH.
“The choice of whether to dismiss or transfer [for want of venue] is within the sound discretion of the trial court and absent a demonstration of abuse of that discretion, the court’s determination will not be overturned on appeal.” Florida Civil Practice Before Trial, § 7.21 (4th ed. 1983) (citing Hu v. Crockett, 426 So.2d 1275 (Fla. *953 1st DCA 1983)). We find that the trial court did abuse his discretion in the instant case because the parties to the contract between Druhill and RSH intended to incorporate the venue provision from the Dru-hill/Reflectone contract.
Article 16.2 of the contract between Dru-hill and RSH states:
The Contract Documents, which constitute the entire agreement between the Owner and the Contractor, are listed in Article 1 and, except for Modifications Issued after execution of this Agreement, are enumerated as follows:
* * * * * *
7. Agreement Between Reflectone, Inc. and Druhill Construction, Inc. for a Simulator Environmentally Controlled Enclosure (SECEN) at MCAS Cherry Point, NC dated October 28, 1985.
(emphasis supplied) The foregoing language indicates the contract between RSH and Druhill clearly intended to incorporate the Druhill/Reflectone contract. Article 12.1 of the contract between Druhill and Reflectone states: “The Contract shall be governed by the law of the state of Florida and venue shall be established in Pinellas County, Florida.” It is probable that Dru-hill intended this provision to be incorporated into its contract with RSH since Pinellas County is the site of its place of business. It would have been reasonable, therefore, for Druhill to provide for venue in that county in the event any litigation arose between it and RSH.
It is true that in Article 7.2 of the Dru-hill/Reflectone contract there is a clause which reads, “[n]othing contained in the Contract Documents shall create any contractual relationship between the Owner and any Subcontractor or Sub-subcontractor.” However, this clause does not offend the incorporation by reference of the venue provision in Article 12 since the venue provision creates no contractual relationship between Reflectone (the “owner”) and RSH. Accordingly, venue is properly in Pinellas County, and the trial court erred in denying Druhill’s motion to transfer venue.
MILLS, J., concurs.
SMITH, C.J., dissents, with written opinion.