530 So.2d 1069 (1988)
CARLSON-SOUTHEAST CORPORATION and Seaboard Surety Company, Appellants,
v.
GEOLITHIC, INC., Appellee.
No. 88-145.
District Court of Appeal of Florida, First District.
September 9, 1988.
*1070 Robert C. Gilbert of Shea & Gould, Miami, for appellants.
Alexandra Krueger Hedrick and Joanne L. Martin of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
JOANOS, Judge.
Carlson-Southeast Corporation and Seaboard Surety Company appeal an interlocutory order denying their motion to transfer for improper venue. The issues raised in this appeal are: (1) whether, pursuant to sections 713.23 and 713.24, Florida Statutes, venue for a suit claiming an interest in a payment bond is proper only in the county where the bond is recorded; and (2) whether the course of conduct between the parties in this case overcame the general presumption of section 47.051, Florida Statutes, that payment is to be made where the creditor resides. We affirm.
On June 20, 1986, Carlson-Southeast Corporation (Carlson), the general contractor for construction of a large regional distribution and milk processing facility for Publix Supermarkets, entered into a subcontract with Geolithic, Inc. (Geolithic), whereby Geolithic would provide and install the concrete panels which comprise the exterior walls of the building. The construction project is located in Broward County, Florida. Carlson posted a $33.7 million payment bond issued by Seaboard Surety Company (the surety) pursuant to section 713.23, Florida Statutes,[1] to insulate the Publix property from the filing of mechanics' liens.
In July 1987, Geolithic filed an action in Duval County against Carlson and the surety seeking damages in excess of $200,000 for breach of the subcontract between Carlson and Geolithic. Geolithic also made a claim against the payment bond issued by the surety. When suit was filed, the payment bond had not been recorded in any county. Some four and a half months later, on November 19, 1987, Carlson recorded the bond in Broward County.
Geolithic's principal place of business and only permanent office is in Duval County. The subcontract did not contain a provision prescribing the place where payment was to be made, but it did provide that final payment was due to Geolithic thirty days after completion of the work. Geolithic sent its employees to the Broward County job site, and when the work was completed, the Geolithic employees returned to Duval County.
As provided by the contract, Geolithic received monthly draws against the total contract price. The first payment was sent to Geolithic in Duval County, and the second, third, and fourth draw checks were delivered to Geolithic at the job site. Carlson instituted a joint check writing procedure for the fifth and sixth draws, in which checks were made payable to Geolithic jointly with Geolithic's subcontractors and materialmen, and most were delivered to the Broward County job site. One joint check in the amount of $17,608.77, payable to Geolithic and its subcontractor Southeast Erectors, was sent to Duval County. The final payment was due to Geolithic only. In addition to this final payment, *1071 Geolithic sought payment relating to additional work, and damages under the subcontract.
Carlson and the surety filed answers and affirmative defenses to the complaint, alleging, among other things, that venue was improper in Duval County. Carlson and the surety also alleged that Duval County was an inconvenient forum, but did not pursue this issue. Subsequently, Carlson and Southeast filed a motion to transfer for improper venue, pursuant to Florida Rule of Civil Procedure 1.060(b).
In response to Geolithic's interrogatories, Carlson and the surety stated that venue would be proper in Broward, Hillsborough, Leon, or Orange Counties, but not in Duval, because (1) Carlson is a Massachusetts corporation with offices in Hillsborough and Leon Counties, and Seaboard is a New York corporation with an office in Orange County; (2) the cause of action accrued in Broward County where the facility was constructed, and where Geolithic performed under its subcontract with Carlson; and (3) since the subcontract was silent as to place of payment by Carlson to Geolithic and the majority of payments were delivered to Geolithic in Broward County, the parties' course of conduct created an exception to the general rule that payment was to be made where the creditor is located. In supplemental answer to Geolithic's interrogatory, Carlson and the surety alleged that venue is proper only in Broward County, pursuant to sections 713.23 and 713.24, Florida Statutes, since Geolithic claimed an interest in the payment bond issued by Seaboard and deposited in Broward County.
On December 16, 1987, the trial court entered an order denying Carlson's motion to transfer venue, finding the gravamen of the complaint was Carlson's alleged failure to make final payment under the subcontract. Since no place of payment was specified in the subcontract, the trial court found the final payment was due at the creditor Geolithic's principal place of business, which is Duval County. Carlson and the surety filed a motion for rehearing, which was denied January 12, 1988.
The venue issue raised in point one of this appeal requires consideration of the relationship of the bond provisions of sections 713.23 and 713.24, Florida Statutes (1985). A section 713.23 payment bond is a general contractor's bond designed to ensure payment of subcontractors and materialmen, and to exempt the property from mechanics' liens. Pursuant to section 713.23(1)(g) 
Any lienor shall have a direct right of action on the bond against the surety. No bond shall contain any provisions restricting the classes of persons protected thereby or the venue of any proceeding....
Section 713.23(2) provides, in part, that:
The bond shall secure every lien under the direct contract accruing subsequent to its execution and delivery, except that of the contractor. Every claim of lien, except that of the contractor, filed subsequent to execution and delivery of the bond shall be transferred to it with the same effect as liens transferred under s. 713.24... .
Pursuant to the provisions of 713.24 
(1) Any lien claimed under part 1 may be transferred by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
(a) Depositing in the clerk's office a sum of money, or
(b) Filing in the clerk's office a bond executed as surety insurer licensed to do business in this state,...
.....
(3) Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited for an order to require additional security, reduction of security, change or substitution of sureties, payment or discharge thereof or any other matter affecting said security. (Emphasis supplied.)
*1072 It is well settled that parties to a contract may agree as to venue and that such agreements will be enforced, Insurance Company of North America v. Jetstar Development, Inc., 515 So.2d 272, 273 (Fla. 4th DCA 1987), unless the action concerns an in rem proceeding, Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987), or when it appears that multiple suits will be filed and enforcement of a venue provision could generate conflicting results in different courts. Halls Ceramic Tile, Inc. v. Tiede-Zoeller Tile Corp., 522 So.2d 111 (Fla. 5th DCA 1988); Girdley Construction Co. v. Architectural Exteriors, Inc., 517 So.2d 137 (Fla. 5th DCA 1987). Absent an express agreement regarding venue, it appears that the general venue provisions of Chapter 47 are controlling with respect to sections 713.23 and 713.24. See Coordinated Constructors v. Florida Fill, Inc., 387 So.2d 1006, 1007 (Fla. 3d DCA 1980); 3 S. Rakusin, Florida Mechanics' Lien Manual 67 (1974, Supp. 1984).
Section 47.051, Florida Statutes (1985), which sets forth the venue provisions for actions against corporations, states:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located. (Emphasis supplied.)
When the cause of action is a breach of contract, the cause of action accrues where the act constituting the breach occurs. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443, 444 (Fla. 1st DCA 1978); Coordinated Constructors v. Florida Fill, Inc., supra. Where the performance required under the contract is the payment of money and no place for payment is specified in the contract, payment is due where the creditor resides "because, in such instance, the debtor must seek the creditor." Coordinated Constructors, 387 So.2d at 1007, citing Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934). Accord Perry Building Systems, 361 So.2d at 444-445.
In Coordinated Constructors, the general contractor, Coordinated, was a Florida corporation with its principal place of business in Broward County. Coordinated's surety was a foreign corporation. Florida Fill, a sub-subcontractor, was a Florida corporation with its principal place of business in Dade County. Florida Fill, the sub, filed suit in Dade County against Coordinated and its surety, for non-payment under its subcontract. Coordinated filed a motion to dismiss for improper venue, and sought to have the cause transferred to Broward County, alleging that Coordinated's business situs was Broward County and the cause of action accrued there. The court approved the trial court's denial of Coordinated's motion for change of venue, finding that the performance called for in the case was the payment of money. Therefore, Coordinated as the debtor, was required to seek out Florida Fill, the creditor. 387 So.2d at 1007.
Appellants rely on Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981), as support for their contention that section 713.24(3) requires that a suit to recover on a bond must be brought in the county where the security is deposited. In Morganti, the general contractor on a construction project located in Palm Beach County had posted a payment bond pursuant to section 713.23, Florida Statutes (1977). A sub-subcontractor filed a claim of lien in Palm Beach County alleging non-payment for materials. Morganti, the general contractor, filed a notice of bond and the lien was transferred to the security, pursuant to section 713.24. The sub-subcontractor eventually filed suit in Broward County against Morganti and its surety on the payment bond. The sub did not attempt to assert a lien against the property. Morganti moved to transfer the suit to Palm Beach County where the construction project was located, and where *1073 the claim of lien, the bond, and the notice of bond were filed. The court found the provisions of section 713.24 are 
mandatory to the extent that any suit to recover on such security must be brought in the county where the security is deposited. We note that such suits may be brought by a lienor to enforce a bond as here or may seek other relief affecting the security. It would be totally unworkable and impracticable to have suits pending in different counties which might well result in inconsistent rulings regarding security, reduction of security, payment or discharge. This would be the result were the above statute viewed as merely directory or permissive.
We conclude that the action must be brought in the county where the security is deposited and that the trial court erred in denying the motion to transfer venue of the action against the general contractor and the surety company.
397 So.2d at 379. See also Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d at 488, in which the court held that a mechanics' lien against realty is an action in rem and may only be brought in the county in which the property is located.
One commentator has found the Morganti reasoning suspect because the court was considering only the transfer of a mechanic's lien from the subject real estate to a bond. See 3 S. Rakusin, Florida Mechanics' Lien Manual 69 (1974, Supp. 1987). Rakusin states:
This reasoning, while applicable to a 713.24 transfer bond, is not applicable to a 713.23 payment bond.
.....
Although the Morganti South court relied on 713.24(3), the right to file in the county in which the security is deposited is arguably not mandatory, but permissive, due to the "plain language" use of the word "may" in that statute.
Id.
We reject appellants' contention that the Morganti decision is controlling in this case. In this case, unlike the situation which obtained in Morganti, the subcontractor filed against the payment bond, but did not file a lien against the property. Furthermore, when suit was brought, the bond had not been filed in any county, and, in fact, was not filed in Broward County until approximately a week before the hearing on the motion to transfer venue.
It is well settled that venue is the plaintiff's prerogative. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d at 444; Itel-Pas, Inc. v. Jones, 389 So.2d 1085, 1086 (Fla. 3d DCA 1980); Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730, 731 (Fla. 4th DCA 1975). When venue is proper in more than one county, the plaintiff may choose the county in which to file the action. Itel-Pas, Inc., 389 So.2d at 1086. The plaintiff's decision regarding venue is presumptively correct, and the party challenging venue has the burden to demonstrate the impropriety of plaintiff's choice of venue. Hu v. Crockett, 426 So.2d 1275, 1278-79 (Fla. 1st DCA 1983); Florida Forms, Inc. v. Barkett, 311 So.2d at 731. In Hu v. Crockett, this court noted that the propriety of the plaintiff's choice is bolstered when the plaintiff seeks to litigate the case in his home community.
Generally, the determination whether to change venue is a matter within the trial court's discretion, "and absent a demonstration of an abuse of that discretion, the lower court's determination will not be overturned on appeal." Hu v. Crockett, 426 So.2d at 1281. See also Druhill Construction, Inc. v. RSH Constructors, Inc., 518 So.2d 951, 952-53 (Fla. 1st DCA 1988); Armstrong v. Times Publishing Co., 481 So.2d 41, 43 (Fla. 1st DCA 1985); Valle v. Mador, (Fla. 3d DCA 1985) 478 So.2d 416 at 418; Spalding v. VonZamft, 180 So.2d 208, 210 (Fla. 3d DCA 1965).
In this case, Carlson and Southeast rely on the course of conduct rationale explicated in Pinch-A-Penny, Inc. v. Mudd, 464 So.2d 719 (Fla. 2d DCA 1985), as a basis for overcoming the rule that when place of payment is not specified, venue will lie in the creditor's county of residence. In Pinch-A-Penny, the franchise agreement at issue did not specify the place of payment. *1074 Therefore, under the general rule that the debtor must seek the creditor, venue would lie in the county of the creditor's residence. The court concluded, however, that the presumption that payment must be made in the creditor's county of residence was overcome by the parties' course of conduct in which, over the entire 6-year period, the debtor's weekly payments were made in the debtor's county of residence.
It is undisputed in this case that the parties' agreement contained no provision specifying place of payment. The final payment under the contract was due only to Geolithic, and not to any of its sub-subcontractors. Final payment was due thirty days after completion of the project, at which time Geolithic was no longer on the job site. During the course of the project, Geolithic accepted the first check in Duval County, its county of residence. Subsequent checks were delivered at the job site in Broward County, and one other check was delivered in Duval County. Thus, in this case, the parties' conduct regarding place of payment does not equate to the lengthy, uninterrupted pattern of payment which in Pinch-A-Penny established a course of conduct sufficient to warrant venue in the debtor's rather than the creditor's county of residence.
The arguments advanced by appellants for transfer of venue are tenable, but are insufficient to demonstrate that venue in Duval County is improper, or that the trial court's decision regarding venue constituted an abuse of discretion. With respect to the first argument, appellants Carlson and the surety acknowledge that this case does not involve a section 713.24 transfer bond, as contemplated by the Morganti decision. It is also undisputed that when the suit was filed and for a period in excess of four months thereafter, the payment bond had not been filed in any county. Since venue is determined when the suit is filed, Valle v. Mador, supra, the Morganti decision that suit must be brought in the county where the payment bond is filed is inapplicable in this case. Similarly, we find that appellants have failed to demonstrate a course of conduct that removed the case from the general rule that payment is due where the creditor resides.
Accordingly, the order denying the motion to transfer venue is affirmed.
SMITH, C.J., and ZEHMER, J., concur.
NOTES
[1] § 713.23(1)(a), Fla. Stat. (1985), provides:

(1)(a) The payment bond required to exempt an owner under part 1 shall be furnished by the contractor in at least the amount of the original contract price before commencing the construction of the improvement under the direct contract. The bond shall be executed as surety by a surety insurer authorized to do business in this state and shall be conditioned that the contractor shall promptly make payments for labor, services, and material to all lienors under the contractor's direct contract. Any form of bond given by a contractor conditioned to pay for labor, services, and material used to improve real property shall be deemed to include the condition of this subsection.