608 So.2d 923 (1992)
Karen P. CAMERON a/k/a Karen Parker, Appellant,
v.
SMITH NEW COURT, INC., a Foreign corporation, Appellee.
No. 92-01243.
District Court of Appeal of Florida, Third District.
November 17, 1992.
*924 Annis, Mitchell, Cockey, Edwards & Roehn and John J. Agliano, Tampa, for appellant.
Jan Michael Morris, Miami, for appellee.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
The defendant, Karen P. Cameron, appeals from an order denying her motion to dismiss and from an agreed corrected order denying her motion to transfer for improper venue. We reverse and remand for a hearing.
Smith New Court, Inc. filed suit against Karen P. Cameron and her former husband, Michael C. Cameron, on a promissory note executed on February 12, 1988. The upper right hand corner of the note contains the words "Miami, Florida." Next to the signature lines at the bottom of the note is the Camerons', the makers', address, 301 Polmer Park, Palm Beach, Florida.
Smith New Court alleges that Michael executed the promissory note in Dade County. However, Karen alleges that she and her husband signed the note in Palm Beach County. As the note indicates, the Camerons resided in Palm Beach, Florida at that time. Karen filed a motion to transfer for improper venue. It is undisputed that Karen resided in either Palm Beach or Hillsborough County at all times material to the underlying action. It is also undisputed that Karen resided in Hillsborough County and that Michael resided in Orange County when this action was filed and served.
The trial court denied the motion to transfer for improper venue. On May 12, 1992, the trial court entered an order erroneously titled order denying motion to dismiss. On May 24, 1992, the trial court entered a corrected order denying her motion to transfer for improper venue. Karen appealed.
We are not prepared to hold that the trial court abused its discretion in denying Karen's motion to transfer for improper venue. See Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069 (Fla. 1st DCA 1988). However, the trial court should have deferred ruling on Karen's motion to transfer for improper venue until an evidentiary hearing was held to determine in which county the underlying promissory note was executed by Michael. See Home Ins. Co. v. Thomas Industries, Inc., 896 F.2d 1352, 1355 (11th Cir.1990) (abuse of discretion for trial court not to permit additional discovery and hold an evidentiary hearing to determine proper venue); Tribune Co. v. Approved Personnel, Inc., 115 So.2d 170 (Fla. 1st DCA 1959) (motion to dismiss for improper venue should be reconsidered after both parties submit additional proof on venue issue).
Accordingly, we reverse and remand with instructions that the trial court hold an evidentiary hearing prior to trial to determine conclusively in which county Michael executed the promissory note.