PER CURIAM.
This is the appeal of a non-final order transferring the case from Orange County to Brevard County on the basis of improper venue. Although there may be some merit in appellant’s contention that transfer was improper because appellee did not establish that appellant’s cause of action for legal malpractice did not accrue in Orange County, we cannot entertain reversal. The hearing on the motion to transfer for improper venue was not reported and we are unable to ascertain what transpired there. A hearing on venue is (or can be) an eviden-tiary hearing. See, e.g., Cameron v. Smith New Court, Inc., 608 So.2d 923 (Fla. 3d DCA 1992); Groome v. Abrams, 448 So.2d 82 (Fla. 4th DCA 1984). Without a record of that proceeding to review, we are unable to conclude the lower court erred in its implicit conclusion that none of appel *501 lant’s causes of action accrued in Orange County.
AFFIRMED.
GOSHORN, C.J., and HARRIS and GRIFFIN, JJ., concur.