701 So.2d 1200 (1997)
DEPARTMENT OF MANAGEMENT SERVICES, STATE OF FLORIDA, Appellant,
v.
FASTRAC CONSTRUCTION, INC., Appellee.
No. 97-500.
District Court of Appeal of Florida, Fifth District.
November 21, 1997.
Joan Van Arsdall and O. Earl Black, Jr., Department of Management Services, Office of the General Counsel, Tallahassee, for Appellant.
Thomas F. Neal of Drage, deBeaubien, Knight, Simmons, Romano & Neal, Orlando, for Appellee.
THOMPSON, Judge.
The Department of Management Services of the State of Florida ("the Department") appeals an order rendered after it moved to change venue from Orange County to Leon *1201 County, the county of the Department's official residence. We reverse.
First, we conclude that the order is reviewable pursuant to rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure. A trial court may defer ruling on a venue motion pending a hearing. Cameron v. Smith New Court, Inc., 608 So.2d 923 (Fla. 3d DCA 1992). A trial court may also order discovery necessary for a determination of the proper venue. See id.; cf., Gleneagle Ship Management Co. v. Leondakos, 602 So.2d 1282 (Fla.1992). In the instant case, however, although the appealed order purports to defer ruling on the venue issue, it requires the Department to file an answer to the complaint on the merits, and to participate in discovery on the merits of the motion for summary judgment expected to be made by the Department's co-defendant, Architects Design Group. We conclude that by requiring the Department to litigate the merits, the order "fixes the locus" of the action, and thus "concerns venue" as contemplated by the rule. Cf., Rosie O'Grady's, Inc. v. Del Portillo, 521 So.2d 183 (Fla. 3d DCA 1988); Paz v. Valencia, 561 So.2d 1275 (Fla. 4th DCA 1990).
We also hold that the court erred in failing to transfer venue. It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision maintains its principal headquarters. Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). An exception to this "home rule privilege," is that "a trial court has discretion to dispense with the home venue privilege when a governmental body is sued as a joint tortfeasor." Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla.1983).
In School Board of Osceola County v. James E. Rose Mechanical Contractors, Inc., 604 So.2d 521 (Fla. 5th DCA 1992), this court refused to expand Grice and apply it to a case in which the governmental entity has a co-defendant, but where the governmental entity is not alleged to be a joint tortfeasor. In Rose, a subcontractor sued the contractor and the governmental entity, the owner of the property, for "delay damages" allegedly arising out of breaches of contract by the contractor and the governmental entity. Similarly, in the instant case, appellee Fastrac Construction, Inc., is suing for delay damages it allegedly incurred as a result of the architect's negligence and the Department's breach of contract. Although Rose is distinguished in that no tort was alleged against either defendant, whereas in the instant case Fastrac sued the architect for negligence, the fact remains that the Department was not alleged to be a joint tortfeasor, and Rose therefore controls.
Because there is no exception to, or waiver of, the home venue privilege, the court should have transferred the cause to Leon County. Accordingly, we reverse the order on appeal. On remand the court shall transfer the cause to Leon County.
REVERSED and REMANDED with directions.
GRIFFIN, C.J., and PETERSON, J., concur.