789 So.2d 1221 (2001)
KINETIKS.COM, INC., Delaware corporation, Imagenuity, Inc., a Florida corporation doing business as eLinear Corporation, and eLinear Corporation, a Colorado corporation, Appellants,
v.
Chris SWEENEY, Appellee.
No. 1D00-5015.
District Court of Appeal of Florida, First District.
July 24, 2001.
*1222 Ernest J. Marquart and Mark A. Connolly, Tampa, for Appellants.
Walter S. Millsaps of Hayden, Facciolo & Millsaps, Jacksonville, for Appellee.
VAN NORTWICK, J.
Kinetiks.Com, Inc., Imagenuity, Inc., and eLinear Corporation appeal a non-final order which denied appellants' motion to dismiss based, among other things, on improper venue and which granted an ore tenus motion allowing the interlineation of additional venue allegations into the complaint filed by Chris Sweeney, appellee. Because the trial court refused to allow appellants to contest the additional factual allegations supporting venue, we affirm in part, reverse in part and remand.
In his 15-count amended complaint, Sweeney alleged, among other things, that he entered into an employment agreement with appellant Imagenuity, Inc., doing business as eLinear, a software company, to serve as its chief financial officer; that, as an inducement for him to enter into the agreement, Imagenuity agreed to issue to him a certain amount of its capital stock; that Imagenuity has been purchased by appellant Kinetics.Com, Inc.; that his employment was terminated; and that appellants failed and refused to deliver the stock to him, thereby breaching the agreement. Sweeney seeks specific performance and damages.
Appellants filed a motion to dismiss the amended complaint raising several defenses, including the defense that the amended complaint failed to allege facts sufficient to support venue in Duval County. At the hearing on the motion to dismiss, the trial court granted Sweeney's ore tenus motion to interlineate the following underlined language into paragraph 5 of the amended complaint:
The negotiations which resulted in the Agreement occurred in Duval County, Florida and the Agreement was executed in Duval County, Florida. The Agreement was breached in Duval County, Florida.
On the basis of this amendment, which sought to establish that the cause of actions *1223 accrued in Duval County, see section 47.051, Florida Statutes (2000), the trial court denied the appellants' motion to dismiss for improper venue.
At the hearing, appellants requested the opportunity to file an affidavit controverting the new venue allegations, which the trial court denied. The trial court advised appellants that they could not revisit the issue of venue in a motion to dismiss, but could raise a venue defense in their answer. The trial court further explained that it would not allow litigation of contested factual allegations of venue in a separate hearing.
We find no abuse of discretion in the trial court's decision to allow the interlineated amendment to the amended complaint. See Horacio O. Ferrea N. Am. Div., Inc. v. Moroso Performance Prods., Inc., 553 So.2d 336 (Fla. 4th DCA 1989). Although we are not prepared to conclude that the trial court erred in denying the motion to dismiss, see Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069 (Fla. 1st DCA 1988), the trial court did err in denying appellants the ability to file defenses to the new venue allegations. See Cameron v. Smith New Court, Inc., 608 So.2d 923, 924 (Fla. 3d DCA 1992)(trial court should have deferred ruling on defendant's motion to transfer for improper venue until an evidentiary hearing was held to determine in which county the underlying promissory note was executed by the plaintiff); Department of Mgt. Servs. v. Fastrac Constr., Inc., 701 So.2d 1200 (Fla. 5th DCA 1997); and Groome v. Abrams, 448 So.2d 82 (Fla. 4th DCA 1984).
When venue is proper in more than one county, the plaintiff has the prerogative to select one of the proper venues. See Carlson-Southeast, 530 So.2d at 1073. The party contesting venue has the burden of proving that the venue selected by the plaintiff is improper. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne & Trust Co., 238 So.2d 665, 667 (Fla. 4th DCA 1970). A motion by the defendant to dismiss or transfer on the ground of improper venue raises issues of fact which must be resolved by an evidentiary hearing, unless the complaint shows on its face that venue is improper. See id.; Cameron, 608 So.2d at 924. In ruling on a motion to dismiss for improper venue, if the moving party carries its burden, the trial court should make an affirmative finding as to the proper venue and, unless there is a compelling reason to the contrary, transfer the action pursuant to rule 1.060(b), Florida Rules of Civil Procedure, rather than dismiss the action. See Carr v. Stetson, 741 So.2d 567, 569 (Fla. 4th DCA 1999). Here, appellants should have an opportunity to file defenses as to the amended venue allegations, and, if a factual dispute is raised as to whether venue was proper in Duval County, to seek a separate evidentiary hearing to determine the location of proper venue.
Accordingly, the order under review is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
WOLF and PADOVANO, JJ., CONCUR.