988 So.2d 1144 (2008)
SANFORD AUTO DEALERS EXCHANGE, INC., Appellant,
v.
FIELDS MOTORCARS OF FLORIDA, INC., etc., Appellee.
No. 5D08-827.
District Court of Appeal of Florida, Fifth District.
August 1, 2008.
John B. Liebman, Orlando, and Jack T. Bridges, Sanford, for Appellant.
Dawn G. Millner, of Greenberg Traurig, P.A., Orlando, for Appellee.
*1145 PLEUS, J.
Sanford Auto Dealers Exchange, Inc., appeals from an interlocutory order denying its motion for change of venue from Orange County to Seminole County.
Fields Motor Cars of Florida, Inc., d/b/a Fields BMW, a Florida corporation headquartered in Orange County, Florida, sued Sanford Auto, a Florida corporation headquartered in Seminole County, Florida, in Orange County for damages arising out of Sanford Auto's alleged non-payment for six motor vehicles.
Sanford Auto moved unsuccessfully to transfer venue to Seminole County, claiming it conducts its business in that county and that the complaint failed to allege facts establishing that the cause of action accrued in Orange County. Sanford Auto further asserted that the affidavit of its vice president establishes venue in Seminole County. Fields BMW maintains that because the parties failed to designate the place of payment, under Florida law it is deemed to be where the plaintiff has its principal place of business and thus, venue is proper in Orange County.
We affirm the order denying the motion to transfer venue. When a contract fails to specify the place where payments are to be made, a presumption is created that a cause of action for non-payment is properly brought in the county where the plaintiff has its principal place of business. Michael Schiffrin & Assocs., P.A. v. Koraly, 957 So.2d 655, 658 (Fla. 3d DCA 2007). This presumption may be overcome by a contrary lengthy, uninterrupted pattern of conduct between the parties. See Pinch-A-Penny, Inc. v. Mudd, 464 So.2d 719 (Fla. 2d DCA 1985). The affidavit of Sanford Auto's vice president did not establish a clear, uninterrupted pattern of payment at its place of business in Seminole County sufficient to overcome the presumption. See, e.g., Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069, 1072 (Fla. 1st DCA 1988).
AFFIRMED.
LAWSON and COHEN, JJ., concur.