STEVENSON, J.
 

 The defendant below, Treasure Coast Tractor Service, Inc., a Florida corporation with its principal place of business in St. Lucie County, appeals the trial court’s denial of its motion to transfer venue from Palm Beach County to St. Lucie County. We reverse and remand because Treasure Coast established the propriety of venue in St. Lucie County.
 

 JAC General Construction, Inc., a Florida corporation with its principal place of business in Palm Beach County, contracted with Treasure Coast to erect a building
 
 *462
 
 on Treasure Coast’s land in St. Lucie County. JAC filed a complaint in Palm Beach County asserting it had fully performed, and Treasure Coast failed to provide full compensation. The contract did not specify where payment would occur. Florida Statutes section 47.051 (2008), provides in pertinent part that “[a]ctions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business,
 
 where the cause of action accrued,
 
 or where the property in litigation is located.” (emphasis added). In the instant case, there is no “property in litigation” involved.
 

 Generally, where a contract involves the payment of money and no place of payment is specified in the contract, the payment is due where the creditor resides.
 
 James A. Knowles, Inc. v. Imperial Lumber Co.,
 
 238 So.2d 487, 487 (Fla. 2d DCA 1970). The gravamen of the so-called debtor-creditor venue rule “is that payment of the debt is the performance called for by the contract; and in such cases, the residence of the payee (i.e., the place of payment) is the place of the required performance, in default of which the cause of action therein accrues.”
 
 Id.
 
 at 489. The debtor can overcome the presumption that payment was to be made at the payee’s place of residence with sufficient evidence establishing a contrary course of conduct between the parties.
 
 Pinch-A-Penny, Inc. v. Mudd,
 
 464 So.2d 719, 720 (Fla. 2d DCA 1985).
 

 Here, Treasure Coast filed a motion to transfer venue to St. Lucie County, attaching an affidavit wherein its president swore that all previous payments made pursuant to the contract had occurred at the property location in St. Lucie County. JAC presented no contrary affidavits or record evidence. Applying
 
 Pinch-A-Penny,
 
 we reverse and remand for a transfer of venue to St. Lucie County.
 

 Reversed and remanded.
 

 WARNER and DAMOORGIAN, JJ., concur.