On Motion for Rehearing
 

 MAY, J.
 

 The defendant has filed motions for rehearing and rehearing en banc, suggesting that our per curiam affirmance of this case is in conflict with another decision of this court,
 
 Treasure Coast Tractor Service, Inc. v. JAC General Construction, Inc.,
 
 8 So.3d 461 (Fla. 4th DCA 2009). We disagree and deny the motions, but write to explain the distinction between our decision in this ease and that of another panel in
 
 Treasure Coast.
 

 We start with the cardinal principle that we review orders denying motions to transfer venue for an abuse of discretion.
 
 Carr v. Stetson,
 
 741 So.2d 567, 568 (Fla. 4th DCA 1999). This translates to an affirmance where reasonable minds could differ.
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980) (“If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.”).
 

 When a contract is silent on where payment is to be made, a presumption arises that payment is to be made where the creditor is located.
 
 Morales Sand & Soil, L.L.C. v. Kendall Prop. & Inv.,
 
 923 So.2d 1229, 1232 (Fla. 4th DCA 2006) (citing
 
 Croker v. Powell,
 
 115 Fla. 733, 156 So. 146, 150-51 (1934)). While that presumption can be overcome, to do so the debtor must present sufficient evidence establishing a clear, lengthy, and uninterrupted course of conduct.
 
 Sanford Auto Dealers Exch., Inc. v. Fields Motorcars of Fla., Inc.,
 
 988 So.2d 1144, 1145 (Fla. 5th DCA 2008);
 
 Pinch-A-Penny, Inc. v. Mudd,
 
 464 So.2d 719, 720 (Fla. 2d DCA 1985). When the debtor fails to do so, the presumption prevails.
 

 In this case, the trial court found the debtor had failed to overcome the presumption. Because reasonable minds could differ on this question, we cannot say the trial court abused its discretion when it denied the motion to transfer.
 

 The plaintiff, a company with its principal place of business in Palm Beach County, entered into a contract with the defendant, a company with its principal place of business in Indian River County, to perform services in St. Lucie County. The contract was silent as to the place of payment. The complaint alleged that the defendant had defaulted in payments to be made in Palm Beach County.
 

 
 *322
 
 The defendant moved to transfer venue and filed an affidavit, which attested that the contract did not provide for the location of the payments, but that there was a “regular and systematic methodology for making payments” at the physical job site in St. Lucie County, the construction trailer in St. Lucie County, or the defendant’s principal place of business in Indian River County. As the trial court noted, the affidavit did not indicate the length of time or how many payments were made at those locations. The defendant therefore failed to overcome the presumption “that a cause of action for non-payment is properly brought in the county where the plaintiff has its principal place of business.”
 
 Sanford Auto,
 
 988 So.2d at 1145. Limited by the standard of review, we find no abuse of discretion in the trial court’s denial of the motion.
 

 Our recent opinion in
 
 Treasure Coast Tractor Service, Inc. v. JAC General Construction, Inc.,
 
 8 So.3d 461 (Fla. 4th DCA 2009), involved similar, but not identical facts. There, a Palm Beach construction company entered into a contract with a St. Lucie company to perform work in St. Lucie County. The Palm Beach company filed a complaint in Palm Beach to obtain compensation for work performed. Like
 
 Tornac,
 
 the contract did not specify a location for payments to be made.
 

 The St. Lucie company moved to transfer venue and attached an affidavit. In that affidavit the “president swore that all previous payments made pursuant to the contract had occurred at a property location in St. Lucie County.”
 
 Id.
 
 (emphasis added). The trial court denied the motion, but we reversed, finding that the moving party overcame the presumption by clearly establishing a lengthy and uninterrupted course of conduct. In
 
 Tomac,
 
 however, payments were made at three locations in two different counties. And, unlike
 
 Treasure Coast,
 
 the affidavit failed to indicate the frequency of payments at each of three locations. Thus, the affidavit did not clearly establish the parties’ course of conduct. For this reason, we distinguish the facts and the outcome in
 
 Treasure Coast.
 

 Affirmed.
 

 TAYLOR and HAZOURI, JJ., concur.