397 So.2d 378 (1981)
MORGANTI SOUTH, INC., and Federal Insurance Company, Appellants,
v.
HARDY CONTRACTORS, INC., a Florida Corporation, Adam B. Construction Corp., et al., Appellees.
No. 79-2324.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
Donald J. Beuttenmuller, Jr., of Walton Lantaff Schroeder & Carson, West Palm Beach, for appellants.
Lawrence H. Feder of Robert E. Dubow, P.A., Dania, for appellee, Hardy Contractors, Inc.
BERANEK, Judge.
This appeal from a non-final order presents a venue question in the context of a mechanic's lien action under Chapter 713, Florida Statutes. The trial court refused to change venue from Broward County where the action was filed to Palm Beach County. We conclude the court erred and reverse.
Appellant Morganti South, Inc., was the general contractor on a construction project in Palm Beach County. Hardy Contractors, Inc., supplied materials to the job pursuant to a contract with a sub-contractor. Hardy filed a claim of lien in Palm Beach County asserting non-payment for the materials. The general contractor had posted a payment bond pursuant to Section 713.23, Florida Statutes (1977). The general contractor filed a Notice of Bond and the lien was *379 transferred to the security pursuant to Section 713.24, Florida Statutes (1977). Suit was eventually filed by Hardy Contractors, Inc., in Broward County against Morganti South, Inc., the general contractor, and its surety on the payment bond. There was no attempt to assert a lien against the real estate. The construction project was in Palm Beach County and the claim of lien, the bond, and the Notice of Bond were all filed with the Clerk of the Circuit Court of Palm Beach County. Morganti moved to transfer the case against it and its surety to Palm Beach County, and the trial court denied the motion. Our review of Sections 713.23 and 713.24, Florida Statutes (1977), convinces us that the proper venue for the action against the general contractor and surety on the bond was in Palm Beach County where the security had been deposited.
Appellant Morganti argues that although the action was one on the bond, it was in actuality a suit to enforce a mechanic's lien and remained an in rem proceeding which should have been brought in the county where the property was located. Appellee Hardy counters that the action on the bond is basically unrelated to a mechanic's lien, that it is a transitory cause of action and may be brought outside the county where the property is located.
The transfer of a mechanic's lien from the real estate to a bond does not obviate the necessity of the lien claimant's proving all the prerequisites necessary to enforcement of the lien even though the realty may no longer be encumbered by the lien. On the contrary, the lien claimant must prove all of the conditions precedent to perfection and enforcement of the lien before recovery against the bond can be achieved. Fidelity & Deposit Company of Maryland v. Accel, Inc., 354 So.2d 424 (Fla. 4th DCA 1978) and McGuire v. Consolidated Electrical Supply, Inc., 329 So.2d 411 (Fla. 4th DCA 1976).
We find it unnecessary to directly answer the question of whether the cause of action is in rem in nature in view of the provisions of Section 713.24(3), Florida Statutes (1977), which states in relevant part as follows:
Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited for an order to require additional security, reduction of security, change or substitution of sureties, payment or discharge thereof or any other matter affecting said security. (Emphasis supplied.)
We conclude that this statute is mandatory to the extent that any suit to recover on such security must be brought in the county where the security is deposited. We note that such suits may be brought by a lienor to enforce a bond as here or may seek other relief affecting the security. It would be totally unworkable and impracticable to have suits pending in different counties which might well result in inconsistent rulings regarding additional security, reduction of security, payment or discharge. This would be the result were the above statute viewed as merely directory or permissive.
We conclude that the action must be brought in the county where the security is deposited and that the trial court erred in denying the motion to transfer venue of the action against the general contractor and the surety company. The order is thus reversed and the cause remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
ANSTEAD and HERSEY, JJ., concur.