438 So.2d 882 (1983)
STEL-DEN OF AMERICA, INC., a Corporation and Travelers Indemnity Company, a Corporation, Petitioners,
v.
ROOF STRUCTURES, INC., a Florida Corporation, Respondent.
No. 82-2572.
District Court of Appeal of Florida, Fourth District.
September 14, 1983.
Rehearing Denied November 1, 1983.
*883 L. Anton Rebalko of Titone & Roarke, P.A., Lauderhill, for petitioners.
Larry R. Leiby of Leiby & Elder, Miami, for respondent.
HURLEY, Judge.
By petition for writ of certiorari we are asked to review a decision of the circuit court, sitting in its appellate capacity,[1] which holds that the county court has jurisdiction to foreclose a lien against a transfer bond posted pursuant to Section 713.24(1)(b), Florida Statutes (1981). We conclude that the circuit court's opinion is in error and that it constitutes a departure from the essential requirements of law. Hence, we issue the writ and quash the decision.
Stel-Den of America, Inc. (Stel-Den) owns a lease-hold interest in certain commercial property. It employed a general contractor, C & M Construction of Fort Lauderdale, Inc. (C & M), to renovate the building. C & M, in turn, contracted with Roof Structures, Inc. (Roof Structures) for structural timber and a roof deck system. Difficulties developed and Roof Structures filed a claim of lien against the property. Stel-Den transferred the lien to bond pursuant to Section 713.24(1)(b), Florida Statutes (1981).
Next, Roof Structures filed a two-count complaint in the county court. The first count, for breach of contract, sought relief from C & M. The second count, styled "Enforce Mechanics Lien," named Stel-Den as principal on the transfer bond and Travelers Indemnity Co. as surety. After a bench trial on count two, the court entered judgment for Roof Structures. Thereafter, Stel-Den and Travelers filed a motion for relief from judgment in which, for the first time, they asserted that the county court lacked subject matter jurisdiction. The county court denied the motion and Stel-Den and Travelers appealed to the circuit court. As indicated, the circuit court affirmed, finding that Chapter 85, the general lien statute, provided a basis for the county court's exercise of jurisdiction. The circuit court reasoned that "[w]hile ... [Roof Structures] could have chosen to file an action in chancery in the Circuit Court pursuant to § 713.24 Florida Statutes, there is nothing to prohibit the remedy of an ordinary action of law as set forth in Chapter 85."
Before considering the merits of the case, it is appropriate to discuss the basis for this court's jurisdiction. Certiorari is available to review a decision of the circuit court, sitting in its appellate capacity, only in those instances where the petitioner demonstrates that there has been a departure from the essential requirements of law. The Florida Supreme Court addressed this standard of review in Combs v. State, 436 So.2d 93 (Fla. 1983), and held that
the phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to *884 violations which effectively deny appellate review or which pertain to the regularity of procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error... . The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
An incorrect decision on subject matter jurisdiction is fundamental error. It constitutes a departure from the essential requirements of law, sufficient to justify invocation of this court's certiorari jurisdiction. See Hartford Accident and Indemnity Co. v. Thomasville, 100 Fla. 748, 130 So. 7 (Fla. 1930). It is axiomatic that subject matter jurisdiction is indispensable to a court's power to adjudicate rights between parties. Additionally, it is well-settled that lack of subject matter jurisdiction can be raised as a defense at any time, including after entry of a final judgment or for the first time on appeal. In re Brown's Estate, 134 So.2d 290 (Fla. 2d DCA 1961); see also Rule 1.140(h)(2), Fla.R.Civ.P. Thus, the county court's lack of subject matter jurisdiction was properly raised in the circuit court. So too, it is properly before this court.
Turning to the merits of the case, the circuit court held that Chapter 85 provides an alternate statutory basis upon which claimants may rely to enforce a lien against a transfer bond. The court also held that the county court is vested with jurisdiction to entertain such actions. We disagree with both conclusions. First, the circuit court's opinion ignores the plain language of Chapter 85. Section 85.011, Florida Statutes (1981), indicates that "[a]ll liens on real or personal property provided for by part I or part II of chapter 713 [the Mechanics' Lien Statute] are enforceable ... [under Chapter 85] except when otherwise provided ... ." (Emphasis supplied.) Section 713.24(3), Florida Statutes (1981), in turn, states that
[a]ny party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited for an order to require additional security, reduction of security, change or substitution of sureties, payment or discharge thereof or any other matter affecting said security. (Emphasis supplied.)
At a minimum, the foregoing statute vests the circuit court with exclusive jurisdiction for actions against transfer bonds. Indeed, one writer has suggested that the statute can be interpreted even more restrictively to provide that "no court could obtain jurisdiction of the subject-matter of the action other than the [circuit] court in the county in which the security was deposited. Thus, for example, suit would have to be timely brought in the proper court in order to avoid the running of the statute of limitations on a claim on a transfer bond." 2 S. Rakusin, Florida Mechanics' Lien Manual § 18, at 19 (1974). Without passing on the propriety of this construction, we note that it substantially affirms the legitimacy of appellants' position in the case at bar.
We had occasion to discuss the controlling effect of Section 713.24(3), Florida Statutes (1981), in Morganti South, Inc. v. Hardy Contractors, 397 So.2d 378 (Fla. 4th DCA 1981). Morganti South involved the statute's venue provision and we held that the "statute is mandatory to the extent that any suit to recover on ... [a transfer bond] must be brought in the county where the security is deposited." Id. at 379. Similarly, we hold that the statute's jurisdictional provision is mandatory to the extent that any action against a transfer bond must be brought in chancery in the circuit court.[2]
*885 Also, in Morganti South, Inc. v. Hardy Contractors, supra, we noted that the posting of a transfer bond has a negligible effect on the trial of the cause. We observed that
[t]he transfer of a mechanic's lien from the real estate to a bond does not obviate the necessity of the lien claimant's proving all the prerequisites necessary to enforcement of the lien even though the realty may no longer be encumbered by the lien. On the contrary, the lien claimant must prove all of the conditions precedent to perfection and enforcement of the lien before recovery against the bond can be achieved.
Id. at 379; see also Gesco, Inc. v. Edward L. Nezelek, Inc., 414 So.2d 535 (Fla. 4th DCA 1982). In other words, the transfer of the lien to bond does nothing to diminish the nature or characteristics of the lien foreclosure action. It continues to be a proceeding in equity. Thus, our holding that the circuit court has exclusive jurisdiction over actions against transfer bonds is consonant with the long-held rule that the circuit court has exclusive jurisdiction over actions to enforce mechanics' liens regardless of the amount involved. See Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973).
Accordingly, we grant the writ of certiorari, quash the decision of the circuit court and instruct the circuit court to enter an order reversing the county court's order which denied petitioners' motion for relief from judgment.
Writ issued with instructions.
LETTS and HERSEY, JJ., concur.
NOTES
[1] Art. V, § 5(b), Fla. Const. (1972); Fla.R.App.P. 9.030(c).
[2] This accords with the general view that "the liability of the owner for a lien acquired and perfected under the ... [Mechanics' Lien Statute] must be determined by its provisions ... ." Bybee v. Stearn, 95 So.2d 529, 531 (Fla. 1957).