522 So.2d 111 (1988)
HALLS CERAMIC TILE, INC., a/K/a Hall's Ceramic Tile Co., Inc., a Florida Corporation, Appellant,
v.
TIEDE-ZOELLER TILE CORP., a Foreign Corporation, Bocep Venturers, United States Fidelity & Guaranty Company, a Foreign Corporation, and American Elean Tile Company, Appellees.
No. 87-1121.
District Court of Appeal of Florida, Fifth District.
March 24, 1988.
*112 Jack R. Leonard, Orlando, for appellant.
Joseph A. Frein, of Broad & Cassel, Maitland, for appellees.
SHARP, Chief Judge.
Halls Ceramic Tile, Inc., appeals from the trial court's dismissal of its cross-claim against Tiede-Zoeller Tile Corp. for lack of jurisdiction. The litigation concerned the construction of the Peabody Hotel in Orlando, Florida and claims against sureties and contractors. It was filed in Orange County, Florida, where the hotel is located. We reverse.
The dismissal was based solely upon paragraph 14.1 of the contract between Halls and Tiede-Zoeller. It provided:
14.1 All claims, disputes or other matters relating to this Subcontract, or its breach, shall be brought in a court of competent jurisdiction located in the State of New York and County of Erie and decided under the Laws of the State of New York.
Bocep-Venturers, the owner, entered into a contract with Tiede-Zoeller to provide the tile and marble needed for the hotel. Tiede-Zoeller entered into a subcontract with Halls for installation of the tile. Both contractors posted bonds to exempt the hotel from mechanics liens in Orange County. United States Fidelity & Guaranty Company was Tiede-Zoeller's surety and Southeastern Casualty and Indemnity Insurance Company was Hall's surety. When Halls filed a claim of lien, Tiede-Zoeller filed a notice of bond in Orange County stating that the lien was secured by the bond previously filed.
Thereafter, American Olean Tile Company, a tile supplier of Halls, filed a suit in Orange County on both bonds, and against Halls and Tiede-Zoeller and both sureties. Halls, in turn, filed this cross-claim against Tiede-Zoeller, Bocep Venturers, and Tiede-Zoeller's surety for $94,478.03, the amount it claimed was due and owing on its contract with Tiede-Zoeller. The dismissal related solely to Hall's claim against Tiede-Zoeller.
Both American Olean Tile Company's suit and Hall's cross-claim were actions on bonds posted to exempt the land from foreclosure of mechanics liens. Although these actions are not technically in rem kinds of suits,[1] they are also not the transitory kind of suit for which courts will decline to exercise jurisdiction, although they clearly have such jurisdiction, based on a forum selection clause in a mutual, freely-agreed-to contract. See Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986).
We agree with our sister court that in litigation involving improvements to real property where bonds have been posted to exempt the property from foreclosure of mechanics liens, the proper forum to settle all such actions or claims is the court where the real property is located and the security is posted. Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981).
This cross-claim, as in Morganti, involves Hall's suit on a payment bond, posted in Orange County, where the surety had filed a notice of bond. Hall's claim on the bond had to be brought in Orange County, Florida. § 713.24(3), § 713.23(1)(g), Fla. Stat. (1985); Morganti. Its claim against Tiede-Zoeller properly should be litigated in the same forum, to avoid conflicting results, and to assure all proper and necessary parties, and all issues raised are before the same court. Therefore, even if provision 14.1 in the Tiede-Zoeller  Hall subcontractor contract was not void, it should not be applied in this case. See Manrique. Accordingly, the order of dismissal is
REVERSED.
*113 LEE, R.E., Jr., Associate Judge, concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting:
Based on Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986), I would affirm. Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981), relied upon by the majority, is distinguishable from the instant case since it did not involve a contractual agreement between parties as to the forum for an action that is not in rem. See Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987).
In the instant case, Hall's does not contend that the New York forum was chosen because of disparate bargaining power between the parties, that enforcement of the contract provision herein at issue would contravene public policy, or that the purpose of the provision is to transfer a local dispute to a remote and alien forum in order to inconvenience a party. See Manrique, 493 So.2d at 438. Hall's sole contention is that the contractual provision in paragraph 14.1 quoted by the majority opinion does not apply to its cross-claim against Tiede-Zoeller because that claim is based on the latter's bond and not on the subcontract agreement between Hall's and Tiede-Zoeller. This contention is sophistical: the claim certainly relates to the subcontract and arises out of it.
I would affirm.
NOTES
[1] See Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987).