679 So.2d 78 (1996)
CURRENT CONTROL, INC., Petitioner,
v.
BANKERS INSURANCE COMPANY, Respondent.
No. 96-1661.
District Court of Appeal of Florida, Fifth District.
September 12, 1996.
Richard A. Whittington, Melbourne, for Petitioner.
Vincent G. Torpy, Jr. of Frese, Nash & Torpy, P.A., Melbourne, for Respondent.
COBB, Judge.
Current Control, Inc. seeks a writ of certiorari from this court to challenge a writ of prohibition issued by the circuit court on behalf of Bankers Insurance Company. We treat the petition as a direct appeal. But see State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993). Initially, Current Control filed a complaint in county court seeking to enforce its claim of lien in the amount of $6,135.95 (paid electrical services and materials for a residence). The lien was transferred to a bond which had been provided by Bankers. Bankers thereupon moved to dismiss on the basis that the county court lacked subject matter jurisdiction. On denial of the motion to dismiss, Bankers sought and obtained a writ of prohibition from the circuit court on the same ground, giving rise to the instant appeal to this court.
This case involves an action brought on a bond which is executed pursuant to section 713.24, Florida Statutes. Subsection (3) thereof expressly provides:
Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited, or file a motion in a pending action to enforce a lien, for an order to require additional security, reduction of security, change or substitution of sureties, payment of discharge thereof, or any other matter affecting said security.
The appellant, Current Control, relies on the case of Alexdex Corp. v. Nachon Enterprises, Inc., 641 So.2d 858 (Fla.1994), which involved an action to foreclose a construction lien. The supreme court pointed out that a lien foreclosure action is an action in equity and that, under general law, circuit courts *79 and county courts within their statutorily set monetary limits have concurrent jurisdiction in matters of equity. Because the cause of action involved in Alexdex involved an amount within the statutory monetary limits of the county court, the action was properly brought in county court.
The distinction between this case and Alexdex is that our case involves an action on a surety bond to which the mechanic's lien claims were transferred. Such an action, like all mechanic's lien law, is a creature of statute. The statute here expressly provides that such actions be filed in circuit court. It is for the legislature to define the jurisdiction of the state courts (consistent, of course, with the state constitution). It has expressly done so here. While it may be difficult to explain why a mechanic's lien foreclosure action can be brought in either circuit or county court (subject to compliance with monetary limits), while an action on a surety bond must be brought in circuit court irrespective of the amount involved, it is for the legislature, if it so desires, to cure this seeming inconsistency.
Accordingly, we affirm the issuance of the writ of prohibition by the circuit court.
AFFIRMED.
PETERSON, C.J., and HARRIS, J., concur.