PATTERSON, Judge.
In 1992, Tampa Power Corporation, as general contractor, entered into a contract with Agrico Chemical Company to install a 69 KV transmission line for Agrico in Polk County. Tampa Power subcontracted the labor and equipment on the project to A & E. In November 1992, A & E recorded a mechanics lien on the Agrico real property. Tampa Power and its surety, American Diversified Insurance Company (ADIC), filed a bond in Polk County pursuant to section 713.24, Florida Statutes (1991), for the purpose of transferring the lien from the real property to the bond.
Tampa Power then sued A & E in Hills-borough County for breach of contract. A & E counterclaimed and filed a pleading purporting to be a third-party complaint in which it named North American Specialty Insurance Company (NAS) as defendant.[1] The pleading sought to proceed against the bond on A & E’s mechanics lien. The trial court determined that the Polk County Circuit Court had exclusive jurisdiction over the claim asserted against the bond and dismissed the “Third Party Complaint” for lack of subject matter jurisdiction.
We reverse because the issue is not one of lack of subject matter jurisdiction, but rather *392 one of improper venue. See Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981). We do not address the joinder and pleading issues which are apparent from the face of this record, but which were not argued by the parties.
Reversed and remanded.
PARKER, C.J., and CAMPBELL, J„ Concur.

. NAS had been substituted for ADIC as surety on the bond.