ON MOTION FOR REHEARING

PER CURIAM.
We withdraw our summary denial of petitioner’s petition for writ of certiorari from an opinion of the circuit court in its appellate capacity and grant the petition with respect to one of the several issues raised.
Petitioner filed a contract action in county court against a painting contractor, whom she had referred for a job, to recover a fee allegedly owed under the contract between them. After being denied a mechanic’s lien on the property that was the subject of the painting job, she later amended the action to include many additional counts and four additional defendants: the owner of the property to be improved, the general contractor for the improvement, the surety for the payment bond, and the transfer bond surety. She recovered a judgment against the other contracting party but judgment was entered against her in favor of the four additional defendants on the various claims against them. The four additional defendants, represented by the same counsel, moved for attorney’s fees under both section 713.29, Florida Statutes (1999) (providing reasonable fees to prevailing party in action to enforce lien or claim against a bond), and section 57.106, and the county court granted them, but its fee judgment does not state pursuant to which statute the fees were awarded, and the record does not include a transcript of the fee hearing.
On appeal, the circuit court agreed with petitioner that the county court lacked subject matter jurisdiction to entertain an action on a surety bond pursuant to section 713.24(3) (providing that actions on transfer liens may be filed in circuit court), and for that reason it vacated the county court’s final judgment in favor of the two sureties. See Current Control, Inc. v. Bankers Ins. Co., 679 So.2d 78 (Fla. 5th DCA 1996); Stel-Den of Am., Inc. v. Roof Structures, Inc., 438 So.2d 882 (Fla. 4th DCA 1983). However, because petitioner erred by filing in a court without jurisdiction, the circuit court ordered that the portion of the trial court’s final judgment regarding attorney’s fees and costs remain in effect.
Of the several issues raised by petitioner in the instant petition for writ of certiorari from the circuit court’s opinion, we agree with petitioner that if the county court was without subject matter jurisdiction to entertain an action against the sureties, then it was also without subject matter jurisdiction to award attorney’s fees to the defendants that prevailed in that part of the *432 action. We conclude that the circuit court departed from the essential requirements of law in failing to reverse the attorney’s fee judgment and remand for the county court to consider the extent it awarded fees based on that part of the action over which it lacked jurisdiction. The petition is granted to that extent; in all other respects, it is denied. On remand, the circuit court should direct the county court to make an allocation of the fees it awarded and grant only such fees, if any, as do not relate to petitioner’s action on the transfer bond.
WARNER, C.J., KLEIN and HAZOURI, JJ., concur.