800 So.2d 285 (2001)
WALBRIDGE ALDINGER COMPANY, American Home Assurance Company and Seaboard Surety Company, Appellants,
v.
ROBERTS PLUMBING CONTRACTORS, INC., Appellee.
No. 3D01-1225.
District Court of Appeal of Florida, Third District.
October 17, 2001.
Rehearing Denied December 5, 2001.
Hershoff, Lupino & Mulick, LLP, and James S. Lupino, and Jessica L. Rothenberg, and Kurt Von Gonten, Tavernier, for appellants.
Joseph G. Thresher (Tampa), for appellee.
Before LEVY, GREEN, and FLETCHER, JJ.
GREEN, J.
Appellants Walbridge Aldinger Co. ("Walbridge"), American Home Assurance Co. and Seaboard Surety Co. appeal a non-final order denying their motion for change of venue pursuant to a venue provision contained in their subcontract agreement with appellee, Roberts Plumbing Contractors, Inc. ("Roberts Plumbing"). We agree with Walbridge that this was error and reverse.
Walbridge was the general contractor for the construction of the Salt Ponds Condominium Complex in Key West, Monroe County, Florida. Walbridge retained Roberts Plumbing as the plumbing subcontractor for the construction project and the parties entered into a subcontract agreement.
This agreement contained a venue provision specifying that in the event of suit by either party, venue for the suit would only be in the state court of Hillsborough County, Florida, or in the United States District Court, Middle District of Florida, Tampa Division.[1] The agreement also contained a provision that it was the joint work product *286 of both parties.[2] Thereafter, the parties amended this venue provision in a change order and pursuant to the amendment, all suits were to be filed in Broward County rather than Hillsborough County.
On February 25, 1999, Walbridge filed a dual obligee bond in the amount of $14,125,000 issued by appellants Seaboard Surety Co. and American Home Assurance Co. in the office of the clerk of court in Monroe County, Florida. On June 19, 2000, Roberts Plumbing filed its mechanics claim of lien for $151,720.58 against the owners of the condominium complex in the office of the clerk of court in Monroe County, Florida. Walbridge transferred this claim of lien to a bond in the amount of $235,166.90 pursuant to Section 713.24(1), Florida Statutes (1998)[3] on August 25, 2000.
Thereafter, a dispute between the parties arose and on November 13, 2000, Roberts *287 Plumbing filed suit against Walbridge in Monroe County, Florida, seeking, among other things, foreclosure of its claim of lien against the lien transfer bond. In response to the complaint, Walbridge timely moved for a change of venue to Broward County, Florida, in accordance with the venue provision contained in the subcontract agreement and the subsequent change order. The trial court denied the motion, as well as Walbridge's motion for rehearing/reconsideration. This appeal followed.
Walbridge argues that the trial court erred when it declined to enforce the mandatory venue provision contained in the parties' subcontract agreement. We agree.
As a general proposition, a mandatory forum selection clause contained in a contract should be enforced absent a showing that the clause is unreasonable or unjust. See Manrique v. Fabbri, 493 So.2d 437, 439 (Fla.1986) citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999); see also Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069 (Fla. 1st DCA 1988) ("It is well settled that parties to a contract may agree as to venue and that such agreement will be enforced.") quoting Insurance Co. of North America v. Jetstar Dev., Inc., 515 So.2d 272, 273 (Fla. 4th DCA 1987). There is no contention that the venue provision in the instant case was somehow unreasonable or unjust or that it was procured by fraud or overreaching.
Instead, Roberts Plumbing contends, as it did below, that pursuant to section 713.24(3), its suit had to be filed in Monroe County where the bond was posted and that this statutory provision superseded the parties' contractual provision for venue. This statute provides that:
Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited or file a motion in a pending action to enforce a lien, for an order to require additional security, reduction of security, change or substitution of sureties, payment of discharge thereof, or any other matter affecting said security.
§ 713.24(3), Fla. Stat. (1998).
Citing us to Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981) and Halls Ceramic Tile, Inc. v. Tiede-Zoeller Tile Corp., 522 So.2d 111 (Fla. 5th DCA 1988), Roberts Plumbing further asserts that this statutory provision mandates that an action on the bond be brought only in the county where the bond is posted. We conclude, however, that in this case, appellees' reliance upon Morganti and Halls Ceramic is misplaced.
In Morganti, the Fourth District held that pursuant to section 713.24(3), an action to recover on a bond had to be brought in the county where the bond was deposited. We note, however, that Morganti did not involve a contractual agreement between the parties as to the venue for their disputes, thus distinguishing it from the case at bar.
In Halls Ceramic, the parties had a jurisdictional forum selection clause requiring all claims, disputes or other matters relating to the subcontract be brought in a court of competent jurisdiction in the State of New York and County of Erie and decided under the laws of the State of New York. 522 So.2d at 111. An action on the bond was filed in Orange County, Florida where the property and bond was located.
*288 The trial court dismissed the action for lack of jurisdiction based upon the forum selection clause and the Fifth District Court of Appeal reversed.
Following the Morganti analysis, the Fifth District in Halls Ceramic held that notwithstanding the presence of the forum selection clause, that an action to enforce a claim of lien transferred to a payment bond had to be brought in the county in which the property was located and the security is posted. See Halls Ceramic, 522 So.2d at 112. Significantly, in so holding, the court observed that:
Although these actions are not technically in rem kinds of suits, they are also not the transitory kind of suit for which courts will decline to exercise jurisdiction, although they clearly have such jurisdiction, based on a forum selection clause in a mutual freely-agreed-to contract.
Id. (footnote and citation omitted).
It is clear to us from this language that the majority in Halls Ceramic applied or perhaps misapplied Morganti's venue analysis of section 713.24(3) to the jurisdictional issue presented before it.[4] Venue should not be, but often is, confused with jurisdiction. See Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484, 488 (Fla. 5th DCA 1987). Although parties can usually contract as to venue, they cannot contract as to court jurisdiction. Id. The holding in Halls Ceramic, then, has no applicability to the instant case which involves an agreement as to venue.
We therefore conclude that in the absence of a showing that the agreed upon venue provision in the subcontract was unreasonable or unjust, the trial court below should have enforced it. See Manrique v. Fabbri, 493 So.2d at 440 ("Florida courts should recognize the legitimate expectations of contracting parties. The trial courts of this state can effectively protect a party by refusing to enforce those forum selection provisions which are unreasonable or result from unequal bargaining power."). Accordingly, we reverse the order under review and remand with directions that the matter be returned to the trial court for proceedings consistent herewith.
Reversed.
NOTES
[1] Specifically, the provision was as follows:

Venue In the event of a suit by Walbridge, or its surety, against Subcontractor, or its surety, or those with whom it deals on behalf of this Subcontract Agreement, or suit by Subcontractor, or its surety, or those with whom it deals on behalf of this Subcontract Agreement against Walbridge or its surety, the venue of such suit shall be only in the state court of Hillsborough County, Florida or in the United States District Court, Middle District of Florida, Tampa Division. Further, Subcontractor hereby waives for itself, its surety, or those with whom Subcontractor deals on behalf of this Subcontract Agreement whatever rights it may have in the selection of venue. Subcontractor and its surety do hereby further agree that the provisions concerning venue as contained herein shall be specifically binding upon them notwithstanding the existence of any contrary venue provision as may be contained in any surety bond delivered to Owner by Walbridge and/or its surety.
[2] That provision was as follows:

Joint Work Product: Subcontractor agrees that this Subcontract Agreement is a legally binding document and has had the opportunity to permit its attorney to review it. This Subcontract Agreement is the joint work product of the parties hereto and, accordingly, no term or provision shall be more strictly construed against any party.
[3] Section 713.24(1) provides:

Transfer of liens to security
(1) Any lien claimed under this part may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
(a) Depositing in the clerk's office a sum of money, or
(b) Filing in the clerk's office a bond executed as surety by a surety insurer licensed to do business in this state, either to be in an amount equal to the amount demanded in such claim of lien, plus interest thereon at the legal rate for 3 years, plus $1,000 or 25 percent of the amount demanded in the claim of lien, whichever is greater, to apply on any attorney's fees and court costs that may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded. Upon making such deposit or filing such bond, the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security and shall mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred, at the address stated therein. Upon filing the certificate of transfer, the real property shall thereupon be released from the lien claimed, and such lien shall be transferred to said security. In the absence of allegations of privity between the lienor and the owner, and subject to any order of the court increasing the amount required for the lien transfer deposit or bond, no other judgment or decree to pay money may be entered by the court against the owner. The clerk shall be entitled to a fee for making and serving the certificate, in the sum of $10. If the transaction involves the transfer of multiple liens, an additional charge of $5 for each additional lien shall be charged. For recording the certificate and approving the bond, the clerk shall receive her or his usual statutory service charges as prescribed in s. 28.24. Any number of liens may be transferred to one such security.
[4] Ironically, it has been suggested that the Morganti court may have misanalyzed section 713.24(3) as a venue provision when this statute may arguably be jurisdictional in nature. See 3 Rakusin, Florida Construction Lien Manual, ch. 18, p. 33.