837 So.2d 1182 (2003)
MILLER & SOLOMON GENERAL CONTRACTORS, INC., a Florida Corporation, and Hartford Accident and Indemnity Company, a Surety, Appellants,
v.
BRENNAN'S GLASS CO., INC., a Florida Corporation, Appellee.
No. 4D01-4940.
District Court of Appeal of Florida, Fourth District.
February 26, 2003.
*1183 Gary L. Brown of Siegfried, Rivera, Lerner, De La Torre & Sobel, P.A., Coral Gables, for appellants.
Kevin J. Taylor and Larry R. Leiby of Leiby, Taylor, Stearns, Linkhorst and Roberts, P.A., Fort Lauderdale, for appellee.
STONE, J.
We affirm a non-final order denying Appellants' motion to dismiss or transfer venue.
Appellant, Miller & Solomon, is the contractor in a construction project. Hartford, the surety, had filed a payment bond for the Broward county project. Appellees, subcontractors, sued Miller & Solomon for breach of contract and to enforce a claim of lien. The lien foreclosure was transferred to the Hartford bond pursuant to section 713.23(2), Florida Statutes (2001).
Appellants insist that venue lies in Dade county, rather than Broward, under the terms of the subcontract with Appellees. The trial court correctly recognized that Hartford was not a party to the subcontract and that the claim of lien and bond were properly filed in Broward. See Am. Ins. Co. v. Joyner Elec., Inc., 618 So.2d 799, 800 (Fla. 1st DCA 1993). The venue provision in the subcontract, here, does not apply to the claim on the bond. That being the case, Appellants also requested that the contract count of the complaint be severed and that the separate count be transferred to Dade county. The court denied the motion. The court recognized that, taken alone, the contract claim should be filed in Dade county pursuant to the contract provision, but that in this case, the two counts should not be severed.
The parties agree that the bond action arises out of section 713.23, Florida Statutes. Subsection 713.23(1)(f) provides that the bond "must not contain any provisions restricting ... the venue of any proceeding...." Subsection 713.24(3) provides for venue in the county where the security was deposited.
We note that the cases cited by Appellants, Deeb, Inc. v. Board of Public Instruction of Columbia County, 196 So.2d 22 (Fla. 2d DCA 1967), and Walbridge Aldinger Co. v. Roberts Plumbing Contractors, Inc., 800 So.2d 285 (Fla. 3d DCA 2001), are distinguishable in that the sureties there were either parties to the subcontracts or named in the venue provisions.
Appellants also assert that the bond, here, is really a payment bond issued under section 713.23, Florida Statutes, and should be distinguished from a case filed against a lien transfer bond issued under section 713.24, Florida Statutes. But we note that this case involves not only a claim against a payment bond, but also a claim of lien transferred to the bond. Further, and in any event, the venue provision in section 713.23(1)(f) place venue in Broward county.
The trial court cited Halls Ceramic Tile v. Tiede-Zoeller Tile Corp., 522 So.2d 111 (Fla. 5th DCA 1988), in holding that the bond action was properly brought in Broward county. In that case, the subcontract contained a forum selection clause providing that litigation arising out of the contract would take place in New York. Id. at 112. The subcontractor sued the contractor and its surety. The Fifth District held that the bond action had to be brought in Orange county, Florida, where the bond was posted, and that despite the *1184 forum provision in the subcontract, the claim against the contractor had to be brought in the same forum as the bond claim to avoid conflicting results. Id. The court cited an opinion of this court in holding that, under Florida law, an action to enforce a bond must be brought where the bond was recorded. Morganti S., Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981); but see Walbridge, 800 So.2d at 288 (opining that the Halls Ceramic Tile court confused jurisdiction with venue and, thus, misapplied Morganti). The Fifth District in Halls Ceramic Tile also relied on sections 713.24(3) and 713.23(g), Florida Statutes (1985), in holding that venue was proper where the bond was posted. Those subsections substantially mirror sections 713.24(3) and 713.23(f), Florida Statutes (2000), respectively.
We recognize that a plaintiff should not be permitted to thwart a venue provision in a contract by joining a contract claim with a separate cause of action. See Intercapital Funding Corp. v. Gisclair, 683 So.2d 530 (Fla. 4th DCA 1996)(acknowledging the general principle that a choice of law provision may not be thwarted by joining causes of action that would try to undo the intent of the provision); see also Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979); Allstate Ins. Co. v. Briggs, 355 So.2d 499 (Fla. 1st DCA 1978).
Here, however, Appellees' action on its lien claim is properly filed in Broward, and the bond to which it was transferred was filed in Broward. Multiple suits would split the action and open the door to conflicting results. Therefore, since venue on the bond count is in Broward county, we conclude that the trial court did not abuse its discretion in denying the motion to transfer venue of the entire action or to sever counts. See Girdley Constr. Co. v. Architectural Exteriors, Inc., 517 So.2d 137 (Fla. 5th DCA 1987)(holding that even though parties agreed venue would lie in Orange county as to one count, venue provision should not be enforced since transferring venue as to that count would result in splitting of causes of action); Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069, 1072 (Fla. 1st DCA 1988)(noting that parties to a contract may agree as to venue and such an agreement will be enforced unless it appears that multiple suits will be filed and enforcement of venue provision could lead to different results in different courts).
As to all other issues argued, we also find no reversible error or abuse of discretion.
SHAHOOD and MAY, JJ., concur.