STONE, J.
We reverse a judgment on the pleadings entered in Broward County in favor of National Union, surety on a conditional payment bond arising out of a Dade County construction project.
Garrido, a subcontractor, filed a claim of lien against the property in Dade County. The owner then filed a notice of bond, issued pursuant to section 713.245, Florida Statutes. When National Union refused to pay, Garrido filed suit in Broward, where National Union’s representatives are located.
National Union answered the complaint without asserting improper venue as a defense. It also filed third party claims against JMAC and one of its principals, Banos. JMAC and Banos moved for change of venue but lacked standing to do so. See Capitol Fid. Life Ins. Co. v. Dept. of Ins., 478 So.2d 1105, 1106 (Fla. 1st DCA 1985).
Following discovery, National Union moved for judgment on the pleadings, claiming that the circuit court in Broward County lacked subject matter jurisdiction. National Union claimed that, under section 713.24(3), Florida Statutes, the suit could only be filed in Dade. Rather than treating this as a venue issue, the trial court reasoned that the “local action rule; applicable to in rem proceedings, not only placed venue in Dade County but deprived all other circuits of subject matter jurisdiction.” See Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981).
We conclude that it was error to apply the local action rule as to the insurer where a claim of lien has been transferred to a surety bond. There is a significant distinction between a lien against property and a claim against a bond. A lien against property is in rem, affecting title to the property, and must be brought in the circuit with jurisdiction over the property. Griveas v. Amoco Oil Co., 854 So.2d 841, 843 (Fla. 4th DCA 2003). This court has recognized that “[t]he local action rule is one of subject matter jurisdiction, not venue.” Hudlett v. Sanderson, 715 So.2d 1050 (Fla. 4th DCA 1998).
Once a bond is in place, however, the property is no longer at issue in the litigation. “The transfer of the security of the lien from the land to the bond pursuant to statute apparently results in a conversion of the lienor’s cause of action from one in rem to one in personam.” Greene v. A.G.B.B. Hotels, 505 So.2d 666, 667 (Fla. 5th DCA 1987). The claim becomes an issue of contract law between the surety, the procurer of the bond (in this case, the general contractor and the owner of the property), and the lienor. The agreement, here, being that, if owner pays contractor, then surety will pay unpaid lienors.
We note that the Florida Supreme Court has held that bringing an action on a bond changes a party’s rights to attorney’s fees because “a claimant seeking to enforce rights under a construction bond is no longer bringing an action to enforce a lien.” Shores Supply Co. v. Aetna Cas. & Sur., 524 So.2d 722, 724 (Fla. 3d DCA 1988). Further, substituting a bond for a lien can change which statutory provisions control awarding fees precisely because of the legal effect of furnishing a payment bond. Id. See also Willey v. M.K Roark, *1093 Inc., 616 So.2d 1140, 1142 (Fla. 4th DCA 1998).
Section 713.24(3), Florida Statutes, has both a jurisdictional element arid a venue element. It provides that once a lien has transferred to a bond, an action may be filed in either the circuit court (jurisdiction) of the county (venue) where the security is deposited, or in a motion in a pending action to enforce a lien, or in an order granting additional or reducing security, changing or substituting sureties, or any other matters pertaining to the subject security (no venue specified).
Here, clearly, if the trial court has subject matter jurisdiction, National Union’s statutory right fixing venue in Dade County, was waived by National Union’s failure to timely raise it. See Fla. R. Civ. P. 1.140(b); Host Marriott Tollroads, Inc. v. Petrol Enters., 810 So.2d 1086, 1088 (Fla. 4th DCA 2002). There also is no doubt that circuit courts have jurisdiction over actions against transfer bonds and claims that have been transferred to bonds via section 713.245(4), by way of section 713.24(3), Florida Statutes, regardless of dollar amount. See Blackton, Inc. v. Young, 629 So.2d 938, 940 (Fla. 5th DCA 1993).
We have considered Morganti and Halls Ceramic Tile, Inc. v. Tiede-Zoeller Tile Corp., 522 So.2d 111 (Fla. 5th DCA 1988), as to National Union’s contention that section 713.245, Florida Statutes, precludes recognizing subject matter jurisdiction in Broward County. We do not deem this opinion to be in conflict with either Mor-ganti or Halls Ceramic.
Morganti also involved a lien transferred to a bond. In Morganti, the general contractor timely sought a change of venue to the county where the subject property was located. On appeal, this court recognized that in light of the statutory language at the time of the decision, venue was mandatory in a different county and reversed the trial court’s denial of transfer. Id. Further; Morganti refrained from resolving whether the action was in rem or in personam, a jurisdictional issue, relying instead on the statute’s wording in determining venue. Id. As a result, the reversal was for transfer to the appropriate county.
In this case, however, National Union did not timely raise the improper venue issue and subsequently mischaraciterized the statute, and the holding in Morganti, as jurisdictional instead of venue-driven. We also note that Morganti interpreted the statute prior to an important revision in 1987. Ch. 87-74, § 6, Laws of Fla. This revision added the following language, “or file a motion in a pending action to enforce a lien,” after the phrase “may at any time, and any number of times file a complaint in chancery in the circuit court of the county where such security is deposited.” The statute as it read when Morganti was decided gave only one option for bringing an action against a lien that had transferred to a bond, making that option mandatory.
In Halls Ceramic, the issue was whether the statute was trumped by a forum section clause in the subcontract. There, also, a venue challenge was timely.
We, therefore, reverse the judgment on the pleadings and remand for further proceedings.
GUNTHER and TAYLOR, JJ., concur.