971 So.2d 1029 (2008)
John MASON, Appellant,
v.
HOMES BY WHITAKER, INC., Appellee.
No. 5D07-3297.
District Court of Appeal of Florida, Fifth District.
January 11, 2008.
Robert A. Lash, of Moody, Salzman & Lash, Gainesville, for Appellant.
Garry D. Adel, of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for Appellee.
PER CURIAM.
John Mason appeals the denial of his motion to transfer venue of his breach of contract case to consolidate that action with a lien foreclosure action involving the same parties and the same property. On the facts presented here, we agree that the trial court erred in refusing to transfer venue.
John Mason and Homes By Whitaker, Inc. ("Homes") entered into a written contract for Homes to construct a new residence on Mason's real property located in Clay County, Florida. The contract provided that "any action resulting from any breach . . . be [brought] in Marion County, Florida." During the course of construction, *1030 a dispute arose and the parties terminated their business relationship.
Mason then filed a breach of contract action against Homes in Marion County, Florida. Homes answered Mason's complaint, denying most of the allegations and asserting various defenses. Shortly thereafter, Homes recorded a claim of lien and filed a complaint to foreclose its lien in Clay County. Mason answered the Clay County complaint, and, subsequently, moved to transfer venue[1] of the Marion County proceedings to Clay County so that the two cases could be consolidated. The court considered written submissions from the parties, but did not hold a hearing or receive any supporting affidavits or live testimony. The trial court then denied the motion to transfer venue, concluding that the contract's venue provision controlled, and finding, without any record evidence, that a substantial portion of Homes's business was conducted in Marion County and all of its material witnesses either resided or worked in Marion County. Mason now seeks review of that order.
As a general proposition, a mandatory forum selection clause contained in a contract should be enforced absent a showing that the clause is unreasonable or unjust. Walbridge Aldinger Co. v. Roberts Plumbing Contractors, Inc., 800 So.2d 285, 287 (Fla. 3d DCA 2001). However, a court is not bound to abide by such an agreement where, as here, there are compelling reasons not to enforce it. Interval Mktg. Assocs. v. Sea Club Assocs. IV, 468 So.2d 262, 263 (Fla. 2d DCA 1985). In the instant case, the parties agree that the lien foreclosure action can only be brought in Clay County, where the property is located. Transfer of the Marion County case to Clay County would avoid multiple lawsuits, minimize judicial labor, reduce the expenses to the parties and avoid inconsistent results. In both cases, the witnesses and the basic dispute are the same. Having separate proceedings makes no sense, despite the forum selection provision in the contract. Accordingly, we reverse the order denying Mason's motion to change venue and remand this matter for further action consistent with this opinion.
REVERSED AND REMANDED.
GRIFFIN, ORFINGER and EVANDER, JJ., concur.
NOTES
[1] The motion was filed pursuant to section 47.122, Florida Statutes (2006).