SUAREZ, J.
SAAD Homes, Inc. (“SAAD”), appeals from an order denying a renewed motion to dismiss for improper venue or transfer to Broward County. We reverse.
On September 24, 2007, the Riveros filed, in Miami-Dade County, a breach of contract action arising out of the construction of a luxury home which was located in Broward County. On October 23, 2007, SAAD recorded, in Broward County, a claim of lien against the property. SAAD then filed a complaint in Broward County to foreclose on the construction lien and for breach of contract. On December 5, 2007, SAAD filed a notice of lis pendens in Broward County. SAAD moved, three times, to dismiss the Miami-Dade County *863 action or to transfer to Broward County for improper venue. The trial court denied SAAD’s renewed motion to dismiss for improper venue or to transfer to Bro-ward County since discovery was outstanding on whether or not a fraudulent lien had been filed in Broward County.
SAAD contends on appeal of the non-final order that, because the mechanic’s lien foreclosure suit was filed in Broward County in accord with Florida law that requires actions to foreclose liens to be brought in the county where the land lies, the trial court erred in denying the motion to dismiss or to transfer venue to Broward County. See Ga. Cas. Co. v. O’Donnell, 109 Fla. 290, 147 So. 267 (1933) (holding that actions in rem shall be brought in county where land lies); accord Haws & Garrett Gen. Contractors, Inc. v. Panhandle Custom Decorators & Supply, Inc., 500 So.2d 204, 205 n. 3 (Fla. 1st DCA 1986); Tietig v. Riccio, 451 So.2d 1016 (Fla. 3d DCA 1984). SAAD further maintains that it would be barred from bringing a counterclaim on the lien to foreclose in Miami-Dade County because the lien is an in rem action against the property and must be brought in the circuit with jurisdiction over the property. E.g., Ruth v. Dep’t of Legal Affairs, 684 So.2d 181 (Fla.1996).
We agree that Broward County is the appropriate venue since the property is located in Broward County. Ga. Cas. Co. v. O’Donnell, 147 So. at 267; Mason v. Homes by Whitaker, Inc., 971 So.2d 1029 (Fla. 5th DCA 2008) (finding error in trial court’s denial of contractor’s motion to transfer venue to Clay County where construction lien was filed on property located in Clay County); Tietig v. Riccio, 451 So.2d at 1016 (holding that mechanic’s lien action shall be brought where property is located). In addition, the work occurred in Broward County and the alleged breach as well as the majority of evidence and witnesses were located there. The order denying the motion to dismiss is reversed and the cause remanded for transfer to Broward County.
Reversed and remanded with directions.