WARNER, J.
Appellant, Attaway Electric, Inc., appeals the trial court’s non-final order, entered in favor of appellees, Kelsey Construction, Inc., and Travelers Casualty and Surety Company of America, changing venue for a suit on claims of lien transferred to a bond pursuant to section 713.24, Florida Statutes. The court directed that the suit, filed in Broward County, where the liened property is located, be changed to Orange County, which was designated as the proper venue in the contracts between Kelsey and Attaway. We reverse, because section 713.24 provides that any claim on the bond must be brought in the circuit court of the county where the security is deposited, and contract claims involving the same matters should be brought in the same place to avoid inconsistent rulings.
Attaway contracted with Kelsey to perform remodeling work on two Winn-Dixie stores located in Broward County, Florida. The written contracts between the parties provided that suits brought on any disputes must be filed in Orange County, Florida, the corporate home of Kelsey. In summer 2012, Attaway filed a claim of lien for unpaid sums on both of the subcontracts. Thereafter, the liens were transferred to bonds pursuant to section 713.24. In both cases, Travelers wrote the surety bonds, which were deposited with the Clerk of the Court in Broward County.
Subsequently, Attaway filed a complaint in Broward County against Kelsey and Travelers, alleging four counts. Counts I and II were actions on the lien transfer bond against Kelsey and Travelers. Counts III and IV were breach of contract claims as to Kelsey only. Appellees moved to dismiss the complaint or, in the alternative, to transfer venue, citing the mandatory forum selection clause in each of the subcontracts. Attaway opposed the motion based upon the mandatory provision of section 713.24(3). After a full hearing on the issue, the trial court granted the *79 motion to change venue on the ground that the venue provision of the contract required the transfer to the contractually agreed venue, and Travelers had stipulated to the transfer, so that there was no possibility of multiple suits or conflicting results. From this order, Attaway appeals.
Section 713.24 addresses transfer of liens to security. The statute provides:
Any lien claimed under this part may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by ... [fjiling in the clerk’s office a bond executed as surety by a surety insurer licensed to do business in this state.
§ 713.24(l)(b), Fla. Stat. The statute also provides that “[a]ny party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited .... ” § 713.24(3), Fla. Stat. (emphasis added). The issue in this case is whether the contractually mandated venue provision or the above statutory language controls.
We have already held that section 713.24(3) is mandatory with respect to venue. In Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378, 379 (Fla. 4th DCA 1981), we held that “this statute is mandatory to the extent that any suit to recover on such security must be brought in the county where the security is deposited,” since “[i]t would be totally unworkable and impractical to have suits pending in different counties which might well result in inconsistent rulings regarding additional security, reduction of security, payment or discharge.”
In Miller & Solomon General Contractors, Inc. v. Brennan’s Glass Co., 837 So.2d 1182 (Fla. 4th DCA 2003), we also held that the statute prevailed over a contractual venue provision. There, a subcontractor-appellee sued the contractor-appellant for breach of contract and to enforce a claim of lien. The claim of lien had been transferred to a bond pursuant to section 713.24.[1] The contractor argued to the trial court that correct venue was in Dade County under the terms of the subcontract. We held that venue on the bond count was proper in Broward County where the bond was posted. The trial court did not abuse its discretion in denying transfer of the contract action to Dade County, because allowing transfer of part of the cause of action could result in multiple suits with conflicting results.
The Fifth District followed our analysis from Morganti in Halls Ceramic Tile v. Tiede-Zoeller Tile Corp., 522 So.2d 111 (Fla. 5th DCA 1988). A sub-subcontractor sued its subcontractor on a claim of lien which was transferred to a bond in Orange County, the site of the construction project. The contract between the parties had a forum selection clause specifying that suit must be brought in New York. The Fifth District reversed the trial court’s dismissal of the suit on the authority of Morganti, stating: “[I]n litigation involving improvements to real property where bonds have been posted to exempt the property from foreclosure of mechanics liens, the proper forum to settle all *80 such actions or claims is the court where the real property is located and the security is posted.” Id. at 112.
We reaffirm our holdings in Morganti and Miller that the provision of section 718.24(3) is mandatory and requires suits on the lien transfer bonds to be brought in the county in which the bond is filed and the property in question is located. The bond is held by the clerk of court of the county in which the property is located. The court may order reduction or increase in the bond amount which would require additional activity by the clerk of court. It may also order disbursement of proceeds or discharge of the bond. The Clerk of Broward County, however, is not subject to the jurisdiction to the court in Orange County, where the action has been transferred. Moreover, other claims could be made against the bond. Section 713.24(3) states that “[a]ny party having an interest in such security or the property from which the lien was transferred ” may file an action for payment from the security. That may include parties other than the two parties to the contract. For instance, a supplier might make a claim against the proceeds of the bond for materials supplied to the lienor. That person may be entitled to look to the proceeds of the bond but is not bound by the venue provision of the contract between the main litigants.
For all these reasons, the Morganti interpretation of the rule is sound, even if the surety joins in the request to transfer venue. Because the bonded lien claims must be brought in Broward County, Miller & Solomon and Halls Ceramic Tile both teach that the contractual claims must be brought in the same county to avoid multiple suits and potentially conflicting results.
We recognize that Walbridge Aldinger Co. v. Roberts Plumbing Contractors, Inc., 800 So.2d 285 (Fla. 3d DCA 2001), held that a contractual venue provision required transfer of an action on a bonded lien from the county in which the property is located and the bond is posted to the county designated in the contractual venue provision. We disagree with Walbridge for all of the reasons in this opinion.

Reversed with directions to vacate the order granting transfer of this action to Orange County.

STEVENSON and TAYLOR, JJ., concur.

. The general contractor, Miller & Solomon, had secured a payment bond for the construction project pursuant to section 713.23. Appellants claimed that this distinguished the case from cases on transfer bonds. However, our court noted that the case involved both a claim against the payment bond as well as a claim of lien transferred to a bond; thus, section 713.24 applied.